### OF

# THE DECISIONS

### OF

# THE SUPREME COURT OF ALABAMA,

## JANUARY TERM, 1837.

---

### WILKINS AND HALL VS WILKINS.

*As to parties to a Chancery cause.*
*As to a decree upon a judgment,* pro confesso, *without proof.*

1. A decree in Chancery will not be reversed, because the heirs of a mortgagor do not appear to be made parties,—they not seeming, from the record, to be material parties.
2. A decree can not be rendered in Chancery upon a bill to foreclose a mortgage, ordering a sale, without production of the mortgage deed, and proof of its execution.
3. A judgment *pro confesso,* in a Chancery cause, will not authorise a decree, without proof.
4. The personal representative of a mortgagor, is an essential party, in a suit to foreclose—but if he appears, (without formal order,) and asks and obtains time to answer, he is estopped, in error, from alleging the absence of proceedings to make him a party.

This was a bill in Chancery in Baldwin Circuit Court; and it was filed by William Wilkins against Benjamin S. Bromley, for the purpose of foreclosing a mortgage. The bill recited the mortgage, and prayed a sale of the mortgaged premises for the satisfaction of the plaintiffs' claim. Among other allegations, the bill also averred, that one Charles Hall, had purchased the premises mortgaged, from the mortgagor, with notice; and made him also a defendant.

After the issuance of subpœna, the following entry was found in the record, to wit—

"April term, 1833—Order of Court; death of Bromley suggested—*sci. fa.* to issue to his representatives."

The record showed then, a *scire facias* to the representative, James Wilkins, returned executed.

Then followed the subjoined entries, to wit—

"From the Docket of November term, 1833—William Wilkins vs. James Wilkins, administrator of B. S. Bromley, deseased. Defendant asks and obtains leave until the next term, to file his answer."

"From the Docket of April term, 1834. Same vs Same. Order of this term. Bill taken as confessed, and referred to Clerk as Master, to make calculation of amount due."

Then, *instanter*, followed a report, upon which the Chancellor rendered a final decree, ordering a sale, &c.

All which was assigned for error here.

COLLIER, J.—The defendant in error exhibited his bill on the equity side of the Circuit Court of Bald-

win, against the plaintiff, Charles Hall, and the intestate, B. S. Bromley, for the foreclosure of a mortgage, executed by the intestate, in January, 1831, of a saw-mill, and its appurtenances, situate in that county, for the security of a sum of money, due from the mortgagor to the defendant, as well as to secure the payment of the debts, owing by a late co-partnership, existing between the intestate and the defendant, which, on dissolution, the intestate had stipulated to pay. Pending the suit in the Circuit Court, the mortgagor died; whereupon, the following entry was made on the Chancery docket—

"Death of Bromley suggested, and *sci, fa.* to his representatives."

The record then shews a *scire facias* directed to the coroner of Baldwin county, on which the following return was made—

"Received 28th October, 1833. Executed 28th October, 1833."

(Signed) "C. M. Godbold, coroner."

The record then sets out two memorandas, taken from the Chancery docket, the first made at the Fall term of eighteen hundred and thirty-three, and the latter at the Spring term of eighteen hundred and thirty-four, which are as follow—

"William Wilkins, vs Jas. Wilkins, adm'r. of B. S. Bromley, dec'd." } Defendant asks and obtains leave until next term, to file his answer.

"Same vs Same. } Bill taken as confessed, and referred to Clerk and Master, to make calculation of amount due."

Whereupon the Clerk and Master forthwith made

a report of the amount due upon the mortgage; and the judge immediately rendered his decree confirm-ing the report, and 'directing the mortgaged premises to be sold to pay the sum due, and the plaintiffs joint-ly to pay the costs.

From this decree, a writ of error is prosecuted by the plaintiffs, who here assign for error—

First—The omission to make the heirs at law of Bromley, parties.

Second—The rendition of a decree against Hall.

Third—That James Wilkins was not before the Court for the purpose of a decree; together with several other matters, which do not appear to require a particular notice.

First—In regard to the objection of a neglect to make the heirs at law of Bromley parties, we think it not available; there is nothing in the record to shew them to be material parties in interest; and the intestate had, as alleged in the bill, parted with all his interest in the mortgaged property to Hall. If this were controverted, or a purchase disavowed, by Hall, it would be necessary to make them par-ties. But situated as the case was in the Circuit Court, there was nothing, against which the heirs of Bromley could legitimately defend, and it would have been improper to have brought them before the Court.

In the case of the *Mechanics Bank of Alexandria vs Seton**—it was decided that, although an objection for want of proper parties, might be taken at the hearing, yet the objection ought not to prevail upon an appeal; except in very strong cases, and when the Court perceives that a necessary and indispensable

*1 Pet. R. 299.

party is wanting. No one need be made a party, against whom the plaintiff can have no decree. In the present case, no objection was made in the Circuit Court, to the want of proper parties ; nor could a decree be made against the heirs of Bromley, if it be true that the intestate, in his life-time, conveyed to Hall, his interest in the premises.

Second—The record does not disclose any proof in the cause, nor does it appear from the decree itself, that any proof was before the Court, to authorise its rendition. The failure to produce and prove the mortgage, may have been occasioned by the belief, that the parties being in default, its non-production was dispensed with, by a decree *pro confesso.* If such an idea influenced the proceedings below, it was certainly not well founded. It is declared by statute, that, "Before a decree is pronounced on a bill, taken *pro coofesso,* the Court shall be satisfied by sufficient evidence, of the justice of the complainant's claim or demand."[*]

[*] Aik. Dig, 1st E. 288, Sec. 18,

The statute does not prescribe the grade of evidence, but it must certainly be such as will guide and direct the mind to a conclusion, *or else it cannot satisfy it that the claim or demand is just.* Perhaps a less amount of evidence should be deemed sufficient in such cases, than where a defendant appears and defends the suit. Such was the opinion of the Court of Appeals of Virginia, in the case of *Morrison vs Campbell, et al.*[†] But, neither reason or authority would warrant a decree in such case, *with any proof.*

[†] 12 Rand. 208.

The evidence read in a cause in Chancery, becomes matter of record, and when the case is removed for

4P          32

revision to a higher Court, makes part of it; and nothing can be intended to have been proved, which the record does not discover. It is important to the decree, that the record should shew, affirmatively, enough to sustain it. To do this, the mortgage should have been produced and proved, and its non-production is error—the more especially, as it is not exhibited with the bill, but merely recited in general terms.

Third—The personal reprosentative of Bromley, is certainly an essential party, as representing the personal estate of the intestate. It would be his duty to prevent a recovery for a larger sum than was due upon the mortgage, in as much, as the assets in his hands, would be liable to pay so much, as might be unsatisfied by a sale of the mortgaged property. Besides, if the purchase by Hall was fair, as between the intestate and himself, the estate would be liable to reimburse to Hall the purchase money and costs. The administrator is certainly not made a party by any formal order, yet he comes in, as the record informs us, and asks and obtains time to file his answer. By this step, he has admitted himself in Court, and can not now be heard to allege, that he was not made a party.

We can not forbear the remark, that the record in this case, is extremely imperfect. Instead of furnishing full and complete entries, of the orders made by the Circuit Court, from time to time, during its pendency there, it contains mere *abstracts*, or *memorandas*, from the Court docket, which were, doubtless, intended, and should have been entered formally in the minutes of the proceedings.

Our conclusion is, that the decree was unauthorised by proof, appearing of record, and must be reversed. But as the defendant, in all probability, has a just right, which he can make appear, it is ordered and decreed, that his bill be dismissed *without prejudice;* and it is further ordered and decreed, that he pay the costs of this Court, and of the Circuit Court.