INGE ET ALS v. BOARDMAN.

1. When a bill is filed to foreclose a mortgage, the personal representative of the deceased mortgagor, is not a necessary party. Those only who are entitled to the equity of redemption, are necessary parties,

2. When several promissory notes are secured by mortgage on lands, and the mortgagor devises a portion, and sells the remainder of the mortgaged lands, and dies, the remedy on the mortgage is not barred, although the holder of the notes omits to present them for payment, to the personal representative of the deceased mortgagor, within eighteen months; and is, by such omission, barred of his remedy against such personal representative. And there is no distinction between the case of a mortgagee, in or out of possession of the mortgaged premises.

3. When the record, in a suit to foreclose a mortgage, shews that the notes, and a copy of the mortgage, were used in evidence at the hearing, it will be presumed, in the absence of exceptions, that the proper proof was made, and the objection comes too late in an appellate Court.

4. When lands which have been mortgaged, are devised to the widow of the mortgagor, and she has not dissented from the will, by which she is also entitled to other estates, she has no equitable claim to dower, against the mortgagee.

Writ of Error to the Court of Chancery for the fifth District of the Northern Division.

THE bill was filed the 29th September, 1838, and its object is to foreclose a mortgage executed in January, 1826, by Richard Inge, senior, to secure to Boardman the payment of nine promissory notes, due on the first of May of each year, from 1826 to 1834 inclusive. The bill alledges the execution of the notes and mortgage; that Inge in his life time sold a part of the mortgaged premises to one Hogan, who afterwards sold to Henry Potter, who is the tenant in possession; that Inge made his will devising the other portion of the mortgaged premises to his wife Mary, during the term of her life, with remainder to his six youngest children, Robert S., Elizabeth (who has intermarried with G. W. Crabb) Martha Ann, Montgomery, Eveline, and Emily, that the four last named are infants. The devisees, Crabb and Potter, are made defendants, and the prayer is for a foreclosure and sale, if payment is not made of the notes due in '28, '31 '32 and '33, which are alledged to remain unpaid.

A guardian *ad litem* was appointed for Martha Ann, Eveline and Emily, who answered, denying the allegations of the bill, and requiring strict proof.

Zebulon Montgomery, named in the bill as Montgomery Inge, was afterwards made a party by publication, it appearing that he was not an infant, and was a non-resident. And the bill as to him was taken as confessed.

The other defendants answered the bill, insisting that the demand was stale, and probably had been paid by Inge, senior, in his life time ; that letters testamentary on the will of the deceased were granted, on the 23d day of September, 1833, to George W. Crabb, one of the defendants ; that publication was duly made, requiring all persons having claims against the estate, to present them within the time allowed by law, or they would be barred ; that this claim was never presented within the period of eighteen months from the publication ; that the claim of right belongs to the Connecticut Assylum, for deaf and dumb persons ; and that a suit at law on the notes had been defeated by the executor.

The answer of Crabb insists, that the land sold to Potter, ought not to be subjected to the mortgage, until all the assets of the estate, both real and personal, have been exhausted; and he demurs to the bill, because the personal representative of Inge is not made a party, and also because, on its face, the demand is barred by the statute of non-claim.

Mrs Inge also insists, that she was induced to accept the terms of the will, in lieu of dower, under the impression and belief that the lands were unincumbered. Potter admits that he is a purchaser under Inge, and submits to whatever decree the Court may render in the premises.

. The evidence stated in the transcript, on the part of the complainants, consists of a copy of the mortgage, and the several notes ; but it is not shown how these were proved to be genuine, or why the copy of the mortgage, instead of the original, was offered.

The evidence, on the part of the defendants, consists of admissions of the complainants, that the demand was not presented within eighteen months after the publication by the executor ; that the personal estate was amply sufficient to satisfy the

demand; and that suit was commenced at law on the same notes, and decided in favor of the executor, on the interposition of the defence created by the non-claim.

No exception of any kind seems to have been taken in the Court of Chancery to the admission of the notes, and copy of the mortgage in evidence.

The Chancellor decreed a forclosure and sale of the premises.

From this decree, the defendants prosecute a writ of error, and assign that the Chancellor erred—

1. In overruling the demurrer to the bill.

2. In admitting the copy of mortgage in evidence.

3. In decreeing a sale of the mortgaged lands.

4. In decreeing a sale without awarding dower to the widow.

Cochran, for the plaintiffs in error, insisted—

1. That the personal representative of Inge, was an indispensable party to the bill. [Wilkins v. Wilkins, 4 Porter, 245. Darrington v. Borland, 2 Porter, 22.

2. That the statute of non-claim extends as well to claims secured by mortgages as to other demands. The personal estate is released by the laches, and therefore the devisee, if damnified, has no redress. A mortgagee *out of possession*, has nothing but *a claim*. Sedgewick v. Hollenback, 7 John. 380; Runyon v. Mesereau, 11 John. 538. And when a claim is barred in one forum, it is so everywhere. Goodman v. Monks, 8 Porter, 84; Reedy v. Thompson, 4 S. & P. 52; Acliff v. Skrimshire, Salk. 573; Lacy v. Kinaston, 1 Ld. Ray 691; Strongford v. Green, 2 Mod. 228.

3. In admitting the notes and mortgage without evidence of their execution.

4. In decreeing the sale of mortgaged premises without awarding dower to the widow.

Peck, for the defendant in error, contended that the personal representative of the mortgagor, is a necessary party, only when the complainant seeks to make up an anticipated deficiency out of the personal estate. [1 Story Eq. P. 163, 181.

The statute of non-claim was never intended to bear on such a demand as this, as the mortgagor has created a specific lien

on his estate; therefore the creditor is not *bound* to resort to the general fund, though he may do so if he chooses.

No exception was taken at the hearing, to the insufficiency of the proof, either as to the execution of the mortgage or the notes; all writings exhibited, may be proved at the hearing, and this probably was done in this case. At all events it would be extremely unjust, to defeat the complainant on a technical objection, now heard of for the first time.

As to the objection, that dower was not awarded to the widow, it is only necessary to say, that she had no claim whatever, she never having dissented from the provisions of the will in her favor.

GOLDTHWAITE, J.—The case of Wilkins v. Wilkins, 4 Porter, 245, has been cited as a decision of this Court, of the necessity that the personal representative of a deceased mortgagor, should be a party defendant to the bill for foreclosure. It is true, that the opinion admits that such is the law; but the case did not turn on this question, as the personal representative was in fact a party, though not regularly subpœned. The question presented in this case, was neither examined or decided, in that which has been cited. We therefore consider it as an open question.

In the present case it is not pretended, that the personal representative of the deceased mortgagor, as such, is before the Court; and therefore we are called on to determine, whether the case could properly proceed without him.

This is certainly a question of much difficulty on authority, for it is the general rule whenever a bill is filed for the purpose of enforcing a debt against the real estate, which debt is properly chargeable, in the first instance on the personal assets, to make the personal representatives of the deceased parties defendants, as well as the heirs or devisees. As in the cases where the real as well as the personal estate is charged with the payment of debts. [Harris v. Ingledew, 3 P. Wms. 92; Berry v. Arkam, 2 Vern. 26.] So likewise when a suit in equity is brought against the heir, for the performance of a covenant by his ancestor. [Knight v. Knight, 3 P. Wms. 333.]

The reason of the rule, as stated in the case just cited, is, that a court of equity delights to do complete justice, and not by halves : as first, to decree the heir to perform the covenant, and then to put him upon another bill, against the executor, to reimburse himself out of the personal assets, which, for aught appearing to the contrary, may be more than sufficient; and, where the executor and heir are both before the Court, complete justice may be done, by decreeing the executor to perform the covenant, so far as the personal assets will extend ; the rest to be made good by the heir, out of the real assets.   This reasoning certainly applies equally to the case of a creditor, who has taken a mortgage, as a security for a debt, and was so decided, in Christopher v. Spark, 2 Jacob & Walker, 229.

On the other hand, it is said, by Mr. Cox, in his note on the case of Knight v. Knight, 3 P. Wms. 333, to have been held, in the case of Dunscombe v. Hansley, that there is no necessity for making the executor of a mortgagor a party; because the bill being only to foreclose an equity, the plaintiff need only make him who has the equity, a party.   Neither is the mortgagee any way bound to intermeddle with the personal estate, or run into the account of it ; and, if the heir would have the benefit of any payment made by the mortgagor, or his executor, he must prove it.

It is difficult, perhaps impossible, to reconcile these decisions; and the facts of the present case, as exhibited at the hearing, are very conclusive to shew, that the true rule is stated by Mr. Cox, in his note.

What is the necessity of always making the executor a party, if there are some cases, in which the debt may remain, and yet the executor may not be bound, or even authorized to pay it out of the personal assets ?   The case of a debt, barred by the statute of limitations, would prevent the former; and that of a debt, barred by non-claim, may possibly prevent the latter.

It is evident, that the executor of Inge could not be decreed to pay this debt from the personal assets, because he had already been discharged by the judgment, in the suit at law, in consequence of the non-claim.   To first dismiss the bill, as bad on demurrer, because the personal representative was omitted as

a party ; and afterwards, when the same bill is amended by inserting his name, to permit him to shew that he has nothing to do with the suit, by shewing that he is not liable, or not authorized, to pay the debt out of the personal assets, to say the least of it, would be a most singular conclusion.

. We come then, to the conclusion that, as there are cases in which no decree can be had against the personal representative of the mortgagor, it is unnecessary in this.

: 2. The other main position, assumed by the plaintiff's counsel is, that, as the remedy against the executor was barred by the statute of non-claim, the debt was extinguished, and the mortgage became extinct with it.

This question was very fully considered, in the case of Duval's heirs v. McLoskey, and a majority of the Court then held, that, although the remedy as against the executor, might be barred, that on the mortgage remained in full force. I was incompetent to preside in the decision of that case; but I take this occasion to say, that it has my concurrence on this point.

We do not conceive that it makes any difference in the law, whether the mortgagee is, or is not, in possession of the mortgaged premises, when his remedy becomes barred, as against the personal representative.

3. The notes, and the copy of the mortgage, are stated as a part of the evidence in the cause. They were papers appertaining to the suit, and might have been proved *viva voce*, at the hearing. (Levert v. Redwood, 9 Porter, 79.) No exception seems to have been taken at the hearing, and it is now too late to insist, that the writings were not sufficiently proved.

4. The exception that dower is not allowed by the decree to Mrs. Inge, may be answered by observing, that she is not entitled to it. Whatever may have been the reasons which induced her acceptance of the provisions of the will in lieu of dower, she has no equitable claim against the mortgagor.

We cannot arrive at the conclusion, that there is error in any of the matters to which our attention is called, by the assignment of errors, and the decree is affirmed.