## MARTIN, ET AL. v. BRANCH BANK AT MOBILE.

1. When a cause is submitted to the Chancellor for a hearing on the bill, answer and a decree, *pro confesso*, and the exhibits are not stated in the record as proved, this will be presumed, when, at the hearing, the chancellor refers them to the master to take and state an account.

Writ of Error to the Court of Chancery for the first District.

BILL by the Bank to foreclose a mortgage executed by one Elliott for certain real estate, to secure certain notes described in the bill. Martin is made a party defendant, "as claiming some interest in the mortgaged premises.· The bill describes, but does not in terms exhibit the mortgage and notes intended to be secured. It alledges that the power of sale contained in it, was never executed, and that the notes have never been paid. The mortgage bears date 31st March, 1838.

Martin answered the bill, asserting that he purchased the right of Elliott to the mortgaged premises under a sheriff's

sale, by virtue of an execution against Elliott, issued on the 13th July, 1839. He also sets up that the mortgaged estate was sold for taxes in the year 1842, by the collector of taxes for the city of Mobile, and that he became the purchaser under the tax sale, in the year 1842.

He also sets up that Elliott, on the 8th May, 1838, assigned the mortgaged premises, with other property, to one Samuel Elliott, in trust to pay creditors of the mortgagor, and insists that by this the bank is a preferred creditor, and that he is informed the bank has been paid a portion of the proceeds of the assigned estate. He prays that the trustee under this deed may be made a party, and compelled to answer how much has been paid.

He also insists, that "he does not admit any of the allegations of the bill, so far as they relate to the mortgagor not being conversant with the same, but prays this complainant may be held to strict proof of the same."

Pending the suit, the bankruptcy of the mortgagor was suggested, his assignee made a party, and the bill as to both taken *pro confesso*.

The chancellor, on a hearing of the bill on the decree *pro confesso*, and the answer of Martin, considered him as having purchased nothing but the equity of redemption, and that, in the character of owner, he was bound to keep down the taxes, held, that he took nothing by the tax sale, and directed the mortgage and notes to be referred to the master to take an account, &c.

The master's report, after taking the account, was excepted to, and the exceptions overruled in the master's office, and no appeal taken. The chancellor confirmed the report, and decreed a sale of the mortgaged premises.

The defendant, Martin, assigns as error—

1. That the decree was made without proof.

2. That the complainant has no debt or title in the lands,

3. That the defendants title is superior to that asserted by the complainant.

J. A. CAMPBELL, for the plaintiff in error, insisted, that

Martin's answer imposed the necessity for proof of the mortgage and notes.    [Watkins v. Watkins, 4 Porter, 245.]

A. Fox, contra, contended, the denial in the answer, if to be considered such, is too general and evasive to put the opposite party to proof; but even if proof is necessary, the court will infer it from the reference by the chancellor.    [Morrison v. Morrison, 3 Stewart, 444; Pearce v. Perdue, 3 Ala. R. 65: Bumpass v. Webb, Ib. 109; Levert v. Redwood, 9 Por. 79; Pardue v. De Call, 7 Paige, 132.]

GOLDTHWAITE, J.—We consider this case as controlled by the decision of Pearce v. Prude, 3 Ala. Rep. 95, in which we held it no cause for reversal, that the exhibits were not stated as proved to the court.    When a bill proceeds on written documents, they may be proved *viva voce*, at the hearing, and if no question is made by the parties, the presumption is, they were so proved.    [Levert v. Redwood, 9 Porter, 79; Pearce v. Prude, before cited.    In Walker v. Hall, 4 Porter, 245, cited by the counsel for the plaintiff in error, the decree was taken *pro confesso*, and a reference directed, without any proof whatever.    Here however, a hearing is had on bill and answer, after which the reference is made, and it would be strange now to raise a question here, which all the parties in the court below have either confessed by omitting to answer, or by raising no question at the hearing.

The other points presented by the assignment of errors, seem to call for no consideration, as we do not understand them to be pressed.

Decree affirmed.