### ABRAM HALL, ET AL., ADMINISTRATORS, ETC., v. JOSEPHINE MUSLER, ET AL.

1. The executors or administrators of a deceased mortgagor should be made parties to a suit in foreclosure.
2. The right of the mortgagee is to enforce a lien—not to recover an estate; to subject property to the payment of a debt—not to effect a title to land.

SPECIAL TERM.—Petition in foreclosure, filed against the widow and children of a deceased mortgagor. Defendants demur, for reason that the administrator is a necessary party.

*A. T. Butler*, for plaintiff.

*Moorman & Vosler*, for defendants.

STORER, J. This is a petition to foreclose a mortgage, and the question is made whether the administrator of the mortgagor, who is deceased, should be made a party to the proceeding?

As a general rule, in chancery practice, it is held in England, that the party who is ultimately to pay, or be foreclosed, and, in either view, interested in seeing that the account is properly taken, should be made a defendant to the mortgagee's bill. 2 Spence Eq. Juris. 697.

But it is said it is not necessary to make the personal representative a party to such a suit, because, though the heir is entitled to have the personal estate applied in exoneration of the real estate, he must enforce that right by filing his bill. Cooper's Eq. Pl. 38; Lord Hardw., 199, *Howes* v. *Wadham*; 3 P. Wms. 333, note A, *Knight* v. *Knight*. In the last case, the Master of the Rolls decided that it was not necessary to join the personal representative, "because the bill, being only to foreclose the equity, the plaintiff need only make him the party who has the equity."

The same rule is adopted in New York, 9 Paige, 90, *Leonard* v. *Morris;* so in Virginia, 2 Hen. & Mun. 6, *Graham's ex'r* v. *Carter;* and in Indiana, 4 Black. 379, *Slaughter* v. *Foust, et al.*

In Ohio, where strict foreclosure has never prevailed, but on the contrary, the mortgaged property has always been subjected to sale, the reason of the English rule does not exist.

As early as 1795, the governor and judges of the N. W. Territory, adopted the Pennsylvania statute of 1705, which gave to the mortgagee the remedy by *scire facias.* To this proceeding, "the mortgagor, his executors, or administrators, were necessary parties;" and a sale under the record barred the equity of redemption of a subsequent purchaser. 4 Ohio, *Dennison* v. *Allen,* 495; 8 Ohio, 44, *Biggerstaff* v. *Loveland;* 15 do. 735, *Heighway* v. *Pendleton.* After the enactment of the statute, it was doubted whether a bill in equity would lie to foreclose, and it would seem that no other remedy than that of *scire facias* was pursued, at least in southern Ohio; but, in 1821, it was held, by the Supreme Court, that the remedy, in chancery, was cancellation, though the decree, in the first instance, should require the mortgaged premises to be sold.

1 Ohio, 235; And our subsequent practice until the code, has been in conformity to this rule.

As there can be a judgment recovered on a bond or note, secured by the mortgage, against the personal representative, if the payer is dead, and as the decree, when a foreclosure is asked, is for the sale of the property, there would seem to be every reason why the executor, or administrator, should be made a party. They, alone, are supposed to know the state of the accounts between the original parties, as they have the custody of the decedent's papers; and as any balance, remaining due after the sale, must be paid from the fund in their hands, they ought to be permitted to litigate the whole matter, as in any other case, when a money demand is set up against the estate. The right of the mortgagee is to enforce a lien—not to recover an estate; to subject property to the payment of a debt—not to effect a title to land. This would seem to have been the opinion of the Supreme Court in 5 Ohio 555, *Piatt* v. *St. Clair's heirs,* and we have no doubt of its correctness.

It is now held, in England, that the personal representative must be made a party to a bill for the execution of a trust for sale, by way of mortgage. 2 Jac. & Walker 229, *Christopher* v. *Sparke.* Judge Story, in 1 Sumner 109, *Dexter* v. *Arnold's adm'r,* decided " that the personal representatives, as well as the heirs of the mortgagor, were, ordinarily, necessary parties;" and the same point is directly affirmed in Alabama. 4 Porter, 250, *Wilkins et al.* v. *Wilkins.*

In Ohio, the executor, or administrator, by law, is required to pay off the mortgage debts of the decedents, whom they represent, according to their priorities, and are, therefore, directly interested, as the English rule states it, " in taking the account, as well as redeeming the estate;" and it seems to me, upon every proper principle, they should be made parties.

Demurrer sustained.