Opinion of the Court, ey
Judge Owsley.
. TENS writ of error is prosecuted to reverse a decree .propóúnced by the court below, dismissing a bill which was exhibited in that court by Kenny against Collins.
It appears from the bill, that many years ago, Thomas Kenny, the father of the plaintiff in error, purchased from Toliver Craig a tract of land, and received Craig a bond for a title; that some time thereafter, Thomas Kenny sold the land to Robert Parks, and assigned to Parks the bond on Craig for a title, and at the same time received from Parks an obligation for price of the land; that the bond for the price was after-wards assigned by Thomas Kenny to the plaintiff in error, a¡nd that Parks has departed this life without making paypnent, and without leaving sufficient personal estate to satisfy the obligation. The bill also alleges, *290 that no person has ever obtained from the proper ato thority letters of administration, though it charges that the defendant, by unlawfully intermeddling with the estate of Parks, became executor of his own wrong; and that after prosecuting a suit against him in that character, the plaintiff has been unable to recover the amount of his demand againl the estate of Parks. It is also charged in the bill, that Parks died without having disposed of the land mentioned in the bond on Craig, and that the defendant, with full knowledge of the plaintiff’s demand, after the death of Parks, obtained, the possession of the bond on Craig, and has fraudulently obtained a deed in his name. The bill asserts a lien oh the land for the plaintiff’s demand, and prays that the land may be decreed to be sold to satisfy it, &c.
•Assuming the allegations of the bill to be true, it would not be denied but that the land is liable for the payment of the demand asserted by the plaintiff in liis bill. The doctrine is well settled, that the seller of land retains a lien on the land sold for the sale money, unless waived by some act of his, such as the taking other security or otherwise, which appears not to have been done by Thomas Kenny in the present case. The present suit is not, however, prosecuted by Thomas Kennjr, the seller of the land to Parks; but it is brought by the plaintiff as his assignee of the bond given by Parks for the sale money, and as assignee, we apprehend, the plaintiff is entitled to the benefit of Thomas Kenny’s lien on the land.
But if it be true, as the bill states, that the defendant, without having purchased the land from Parks, lias, since his death, fraudulently obtained a deed from Craig, the heirs of Parks must still retain an interest iu the land, and,-consequently, should be brought before the court before any decree can be pronounced in favor of the plaintiff. If, therefore, the court had pronounced a decree dismissing the plaintiff’s bill without prejudice, it would, no doubt, have been correct; but it was irregular to pronounce a decree dismissing the bill absolutely on the merits, before the heirs of Parks were before the court.
The decree must, therefore, be reversed, and the cause remanded to the court below, and a decree there • entered dismissing the bill withoutprejudice to another suit. Each party must pay his own costs in this court.