Ju 'ge Nicholas
delivered the Opinion of the Court.
Young filed his bill against Joseph Moore, Reuben Moore and others, alleging a judgment in his favor against Joseph Moore, with a returrj of no estate, made, upon a fieri facias, which issued thereon, and certain payments made.by him for Joseph Moore, as his surety, and praying satisfaction of his judgmentand the other demands, out of a claim on others, that Reuben Moore holds, as is alleged, for the benefit of Joseph Moore. The hill was taken for confessed, and a decree rendered against Reuben Moore, for part of the demand set up; and to reverse that decree he prosecutes this writ of error.
We think the bill shews no cause for a decree against him The record of a common law judgment and fieri facias, filed as an exhibit, shews that the judgment was' obtained in Bath, upon a service of process jn that county, and that the only fieri facias which issued was directed .to Montgomery, and returned^ by the'sheriff of that county. There is no allegation that Joseph Moore resided in Montgomery ; and the complainant has not, therefore, brought, himself within the provisions of the act subjecting choses in action to the satisfaction of judgments by hill .in equity. The return was not made by the proper officer.
*517 Though the court had jurisdiction to render a decree against Joseph Moore, lor the sums paid by Young, as his surety, yet that did not carry with it the right to i subject, in the same proceeding, for the payment thereof, the claim which Reuben Moore held in trust for Joseph Moore. -The remedy for subjecting chases in action by bill in equity is purely statutory, and the courts have no power to enlarge it beyond the provisions of the act. It can be made to embrace no case where a fieri facias upon a judgment or decree has not been-returned no property.
Whether, if the fieri facias which issued on Young’s judgment had been returned by the proper officer, that would not have superseded the necessity for a decree and execution as to the other demands set up in the bill, need not now be determined.
Decree reversed, with costs, as to Reuben Moore, and cause remanded, with directions for a decree dismissing the bill as to him.