## HALL'S ex'rs v. CLICK, et al.

1. The equitable lien of the vendor of land, cannot be enforced against the vendee, at the suit of an assignee of the note given for the purchase money, where the note was assigned by the vendor without recourse.

WRIT of Error to the Court of Chancery sitting at Talladega.

The plaintiffs in error, filed their bill against the defendants, setting forth with particularity, that their testator had sold property to the defendant Isaac Dickerson, for the sum of twenty-five hundred dollars, and received in part payment, a note made by Henry Click, for nine hundred and sixty-eight dollars. That this note was given in part payment of a tract of land, purchased by Click of Dickerson, and was received by the testator without Dickerson's indorsement, upon an assurance, that if it could not be collected of Click, he (D.) would pay it. It is then alleged, that Click has been sued, judgment obtained, and an execution returned "no property found:" and further, Click is insolvent.

The prayer so far as it need be noticed is, that the complainants may be decreed to have an equitable lien for the payment of Click's note, on the land purchased by him of Dickerson.

Click, Dickerson and some of the other defendants unite in an answer, admit the consideration of Click's note to be as alleged, but affirm that it was received by the complainant's testator, of Dickerson, *for better for worse, without recourse on him* for its payment. They conclude their answer with a demurrer to the bill.

The chancellor adjudged, that the complainants were not entitled to assert the lien which Dickerson may have had for the payment of Click's note; more especially as Click had conveyed the land in trust, for the payment of debts, and dismissed the bill, at the cost of the respective parties.

S. F. Rice, for the plaintiff in error.
L. E. Parsons, for the defendant.

COLLIER, C. J.—It is a principal of law about which there is no controversy, that the vendor of real estate retains a lien for the unpaid purchase money, unless he has expressly or impliedly waived it; and that this lien will be enforced against the vendee and all persons claiming under him with notice, although a deed has been executed conveying to the vendee the legal title. [Foster v. The Trustees of the Athenæum, 3 Ala. Rep. N. S. 302; Bayley v. Greenleaf, et al. 7 Wheat. Rep. 46; Brown et al. v. Gilman, 4 Id. 255; 1 Mason's Rep. 191; Lupin v. Marie, 6 Wend. Rep. 77; Hatcher's adm'rs v. Hatcher's ex'rs 1 Rand. Rep. 53; Elliot v. Edwards, 3 Bos. & P. Rep. 183; Walker v. Preswick, 2 Ves. Rep. 622; Mackreth v. Symmons, 15 Ves. Jr. Rep. 337.] In such case it is said, the vendee becomes a trustee for the vendor for so much of the purchase money as has not been paid. [Coote on Mort. 248.]

The law, when carried to this extent is not controverted, but it is insisted that Dickerson having transferred the note of Click to the plaintiff's testator under an express agreement, that he was not to be liable for its payment, renounced the equitable lien to which he was entitled for his security. To the consideration of this argument we now address ourselves. In Jackman v. Hallock, et al. [1 & 2 Ohio Rep. 147,] a bill was filed to enforce an

equitable lien on land, at the suit of an assignee of notes taken by the vendor for the purchase money. The court admitted that there was a trust as between the vendor and vendee, and persons claiming under the latter with notice; but say, " this trust does not and cannot attach to notes given for the purchase money. It is an equity between the vendor and vendee, which the notes cannot affect, but which exists in the same character, whether a note be given or not. This equity arises to the vendor for his own safety, but it cannot be transferred to another. No law has made it the subsect of conveyance on assignment. It cannot follow the notes, because the assignee takes in them a legal interest, and the assignment does not purport to transfer, and could not transfer an equity existing independent of them." Lord Hardwicke in Pollexfen v. Moore, [3 Atk. Rep. 272,] remarked that " the equity will not extend to a third person;" but it is supposed greatly weakened the force of the *dictum*, by the decree which he rendered, so marshalling the assets as to give to the complainant all the relief she asked. [Trimmer v. Bayne, 9 Vesey, Jr., Rep. 210.]

In Tiernan v. Beam, et al. [1 & 2 Ohio Rep. 465,] the equitable lien was enforced in favor of the vendor's devisee. The court distinguished that case from Jackman v. Hallock, et al. by considering the devisee as merely the representative of his testator, whose death could not have divested him of a right without any fault or act of his. [See also Sugden on Vend. 392, 398, and 2 Mad. Ch. 105; Henry v. Collins, 4 Litt. Rep. 289; Johnstone v. Gwathmey, 4 Litt. Rep. 317.]

In Schnebly and Lewis v. Ragan, [7 Gill & Johns. Rep. 120,] a bill was filed by the assignee of promissory notes taken by the vendor of land to enforce the equitable lien. It appeared that the notes were assigned by a special endorsement, and without recourse in any event to the assignor. The court say, "we think, that when the notes were assigned by Lewis to Schnebly, with an express stipulation, that he was in no event to be responsible for the payment of them, the effect and operation of the agreement, produced an extinguishment of the vendors lien, because so far as he was concerned, it amounted to a payment and satisfaction of his claim. The lien was intended to secure the purchase money to the vendor, and the assignment of the notes without responsibility for their ultimate payment, it is presumed is equally

as beneficial to him, as if he had received the amount of them in money." In White v. Williams, et al. [1 Paige's Rep. 502,] the Chancellor intimates that the equitable lien of the vendor will not pass to an assignee by implication or construction, but may by an express agreement; and the vendor can only be considered as retaining the lien (if at all) because he is liable on his endorsement. He proceeds, "in a recent case, where the vendor had negotiated the note, but was obliged to take it up himself when it fell due, Lord Eldon, sustained the claim of the original vendor to a lien on the land. [Exparte Loring, 2 Roses cases, 791.] But I am not aware of any case where the assignee of the note, has been permitted to sustain such a claim, on an implied agreement to assign the lien."

The facts of this case relieve us from the necessity of considering whether, in any case, the equitable lien of a vendor should be enforced at the suit of an assignee; it is quite enough to say that there has been no assignment of the lien, and that there is no liability, so far as the bill and answers inform us on the part of Dickerson, to pay Click's note. Whether the cause was heard on the bill and answers, by consent, is entirely unimportant, in order to let in the material parts of Dickerson's answer as evidence. The bill alleges, that although Dickerson did not endorse Click's note, yet he agreed to pay it, if it could not be collected of the latter. This allegation is explicitly denied; and not in terms which can warrant the inference that there was intended to be an assignment of the lien. The case cited from Gill and Johnson, seems to us to be so consonant to reason, and so much in harmony with the nature of the security which the law implies in favor of the vendor, that we do not feel authorised to reject it as an authority.

It is quite unnecessary to extend this opinion by showing a want of similitude between a mortgage in fact, evidenced by writing, and the lien which equity raises in favor of the vendor of real estate. In the latter case, there can be no doubt but the assignment of the debt operates a transfer of the mortgage as an incident.

Without adding any thing further, the decree of the court of chancery is affirmed.

CLAY, J. not sitting.