ROPER v. McCOOK AND ROBERTSON'S ADM'R.

1. The equitable lien of the vendor of land, will pass to his assignee of a note taken from the vendee in part payment of the purchase money, and will not be lost, though the assignee neglect to sue the maker for so long a time, as to discharge the assignor from liability upon his indorsement.

2. To entitle a judgment creditor to go into Chancery to subject the equitable estate of his debtor to the satisfaction of his judgment, (if he has no lien,) he must exhaust his legal remedy, viz : he should show that an execution issued and was returned " no property found."

Writ of Error to the Court of Chancery, sitting at Ashville.

THE plaintiff in error filed his bill, setting forth that James Robertson, since deceased, about the second day of February, 1838, sold to the defendant, McCook, a tract of land situate in the county of St. Clair, (particularly described,) executed a bond for titles and received from McCook his notes for the purchase money.   One of these notes, for the sum of two hundred dollars, dated the 2d day of February, 1838, and due on the first of March, 1840, was indorsed by Robertson with all its equities and liens to George M. Duke, and indorsed by the latter to the plaintiff, before any part of the same was paid.   On this note thus transferred, the plaintiff brought suit against McCook to the Circuit Court of St. Clair, holden in September, 1841, and recovered a judgment thereon in September, 1842, for two hundred and forty-one 33-100 dollars damages, besides costs of suit; which judgment is still unsatisfied and in full force.   *Further*, McCook has no property, either within the knowledge of the plaintiff or the sheriff of St. Clair, by which payment of any part of the same can be coerced by levy and sale.

The bill then alledges the death of Robertson, and that the defendant, Brasher, is his administrator; that the latter, in his representative character, holds another note given by McCook on the 2d February, 1838, to the intestate for a part of the purchase money of the land above referred to; but this note fell due after that of which the plaintiff is the proprietor, and the latter is consequently entitled to the prior lien.

It is then stated that there is no more of the purchase money due for the land than the note held by Brasher, and the judgment in favor of the plaintiff.

The bill concludes by praying that McCook may be compelled to pay to the plaintiff the amount of his judgment with interest and costs, and in default thereof that so much of the land sold by Robertson to McCook as may be necessary, be sold to satisfy the same, together with the costs of the suit in equity,

&c.   That subpœnas issue and such other relief as may be proper be granted.

Subpœnas appear to have been served on the parties, and the defendant, McCook, answered the bill.   Afterwards the Chancellor dismissed the bill for want of equity, for the following reasons:   1. It cannot be entertained under the pretence of enforcing an equitable lien, because it does not show that the estate of Robertson, the vendor, was not discharged from liability upon the intestate's indorsement, but so states the facts as to make it apparent that it is not chargeable in consequence of the neglect to sue the intestate or his administrator to the first term to which the plaintiff could have sued.   2. The administrator of Robertson still holds one of the notes for the purchase money, and the legal title to the land being in the heirs, who have the interest in the personalty after the debts of the estate are paid, the lien for the payment of this note is superior to that which the plaintiff is asserting.   3. As a bill to subject an equitable title it cannot be supported, because it does not alledge that the legal remedies were exhausted.

Pope, for the plaintiff in error, made the following points :
1. That all the incidents of a mortgage attach to, and control, a contract for the sale of land, where the vendor only makes a bond for titles ; it is in fact a sale and mortgage.   [Haley et al. v. Bennett, 5 Porter's Rep. 469 ; Cullum et al. v. Erwin, adm'r, 4 Ala. Rep. 458.]   2. The indorsement of the note to the plaintiff carried with it the lien which the vendor had for its satisfaction, (Emanuel et al. v. Hunt, 2 Ala. Rep. 190; Duval v. McLoskey, 1 Id. 708 ;) and the priority of the lien where there are two notes, as in this case, depends upon, the time when they are respectively payable and were indorsed.   [Cullum et al. v. Erwin, adm'r, supra.]   3. An equitable lien is like a mortgage in fact ; when it once attaches in favor of an indorsee it is not lost by a failure to sue, or even by the operation of the statute of limitations.   But if the law be otherwise, no one but the indorser or his representative can alledge the loss of the lien.   4. The sheriff's return of " no property found," is not indispensable to authorize a resort to equity to reach an equitable title; true it is a very high, perhaps conclusive, yet not the only evidence ; and the allegation that process at law

would be unavailing, is sufficiently made in the bill. [Story's Eq. Plead. § 252-3, 240 and note 3; Hartwell et al v. Blocker, 6 Ala. Rep. 585.] 5. The amount due Robertson's estate is set forth and might be brought into the account without filing a cross bill, (Cullum et al v. Erwin, adm'r, supra;) and if a superior lien, might have been first satisfied, and then the plaintiff allowed to satisfy his demand from the proceeds of the land, if any thing was left. He also cited McReath v. Simmons, 15 Ves. Rep. 329; White v. Williams et al, 1 Paige's Rep. 506; Martin v. Lundie, 6 Ala. Rep. 430.

F. W. BOWDON, for the defendant, insisted: 1. The plaintiff lost by neglect, all recourse against his indorser, and the equitable lien against the vendee being consequent upon the indorser's liability, is also gone. [Foster v. The Trustees of the Athenæum, 3 Ala. Rep. 302; Steele v. Kinkle and Lehr, Id. 352; Hall's Ex'rs v. Click et al, 5 Id. 363; Lundie v. Martin, 6 Ala. Rep. 430; White v. Williams, 1 Paige's Rep. 502; see also 7 G. & Johns. Rep. 120.] 2. To have entitled the plaintiff to proceed against an equitable estate, it was necessary that an execution issued upon his judgment should have been returned "no property found." [Screven v. Bostwick, 2 McC. Ch. Rep. 410; McDermott v. Strong, 4 Johns. Ch. Rep. 687; Hadden v. Spader, 20 Johns. Rep. 554; McIlwain v. Willis, 9 Wend. Rep. 548; Beck v. Burdett, 1 Paige's Rep. 305; Edmeston v. Lyde, Id. 637; Clarkson v. De Peyster, 3 Id. 320; see also 1 Litt. Rep. 302; 1 Monr. Rep. 106.] If to the rule stated there be exceptions, the plaintiff's case is not so stated as to bring it within any one of them. [Lucas v. Atwood, 2 Stewt. Rep. 478; 3 Porter's Rep. 470.]

COLLIER, C. J.—We have repeatedly held that where a note or other equivalent evidence of debt is transferred, either by indorsement or delivery, if secured by a mortgage, the mortgage as an incident will pass to the assignee, and he will be authorized to pursue any equitable remedy that the mortgagee could, while he was the proprietor of the paper. [Doe ex dem Duval's heirs v. McLoskey, 1 Ala. Rep. N. S. 708; Emanuel & Gaines v. Hunt, 2 Id. 190.] In Haley et al v. Bennett, 5 Porter's Rep. 452, the vendor of land executed a writing to

41

his vendee, by which he undertook to make him a deed to the land sold, whenever he should be paid the purchase money therefor. We said, "The particular form of the contract cannot be considered as material. It is to all intents and purposes in the nature of a mortgage, all the equitable incidents of one must attach to the contract." Further, the lien of the vendor for the purchase money may be enforced not only against the vendee, but his assignee, with notice; and this although the vendor may have conveyed the title in due form. To authorize the assertion of the lien in equity against a derivative purchaser, it is not necessary that the vendors should have employed a legal remedy without success. [See Haley v. Bennett, supra; Foster v. The Trustees of the Athenæum, 3 Ala. Rep. 302.]

In Hall's Ex'rs v. Click et al, 5 Ala. Rep. 363, it appeared that the vendor transferred, by delivery, a note which he had received in part for the purchase money, "without recourse on him for its payment." We held that as the note was passed off under an agreement that the vendor should not be looked to for its ultimate payment, the equitable lien did not follow the transfer, and a bill brought by the assignee was consequently dismissed. It was supposed, that the "effect and operation of the agreement produced an extinguishment of the vendor's lien, because so far as he was concerned, it amounted to a payment and satisfaction of his claim. The lien was intended to secure the purchase money to the vendor, and the assignment of the notes without responsibility for their ultimate payment, it is presumed, is equally as beneficial to him as if he had received the amount of them in money."

The case last cited, we think, is not only unlike that now under consideration, in its facts, but its determination was influenced by a different principle. There, we have seen, the lien did not pass to the assignee of the note; here, the bill affirms that it was indorsed, and the vendor became liable to pay it to the indorsee, if the latter would pursue his remedy against the vendee with the diligence required by the statute; or his liability perhaps may be considered a consequence of his indorsement, which will be discharged by the indorsee's neglect. However it may be considered, the legal effect is the same, and will transfer the equitable lien of the vendor, as an incident to

the note. We are aware that there are some adjudications which strongly intimate that the reverse is the law, (see them cited in Hall's Ex'rs v. Click et al, supra,) but the reasoning on which they rest is by no means satisfactory, and they lead to consequences which should be avoided.

Assuming, then, that the assignee of a note given in payment of the purchase money of land, is substituted to the equitable lien of the vendor, where there is no agreement modifying the effect of a general assignment, and the next inquiry is, does the indorsee lose the benefit of this lien, if he neglects to proceed against the maker with promptness. In the case of a mortgage it is said that a mortgagee has three remedies, either of which he is at liberty to pursue, and all of which he may pursue until his debt is satisfied. 1. He may bring an action at law to recover the debt. 2. He may bring ejectment or trespass to recover possession of the mortgaged premises; and, 3. He may foreclose the mortgagor's equity of redemption, and sell the land to satisfy the debt. And if the mortgagee or his assignee have lost the remedy at law to recover the debt, either by the failure to present it in due time to the representative of a deceased motgagor, or the operation of the statute of limitations, still it is competent to go into equity and obtain a foreclosure of the mortgage. [Doe ex dem Duval's heirs v. McLoskey, 1 Ala. Rep. 708; Inge et al v. Boardman, 2 Ala. Rep. 331.]

If the equitable lien of the vendor may be assimilated to a mortgage, as is strongly intimated in the case cited from 5th Porter, then the right to enforce it would survive the remedy by action at law upon the note. And if the vendor may thus proceed to collect the purchase money without reference to his legal remedy against his vendee, why is not his assignee entitled to equal favor. Here it is supposed, that the plaintiff has only lost his recourse upon the indorser's estate, while the liability of the maker (the vendor) is unquestioned, and in fact has been tested by a judgment against him. We cannot think that under these circumstances the plaintiff has no claims to equitable relief. Such a conclusion would make the passiveness of a party prejudice his rights, when there was no positive law declaring that such should be its effect; and when too the indorser by a voluntary payment might again become the

proprietor of the note, and assert the lien in his own name. *Besides,* if the assignee was placed in a condition in which he had no available legal remedy against the indorser, or the maker of the note, the latter might hold the land without paying any thing for it; a result which should certainly be prevented.

It has been so often determined, that it may now be considered a settled rule of law, that to entitle the judgment creditor to go into Chancery to subject the equitable estate of his debtor to the satisfaction of the judgment, (if he has no lien,) he must exhaust his legal remedy, viz: should cause execution to be issued and returned " no property found." And the bill should specifically alledge the fact. [Brinkerhoff v. Brown, 4 Johns. Ch. Rep. 671; Rhodes v. Cousins, 6 Rand. Rep. 188; Hendricks v. Robinson, 2 Johns, Ch. Rep. 283; McDermott v. Strong, 4 Id.; Hadden v. Spader, 20 Johns. Rep. 554; Corning v. White, 2 Paige's Rep. 567; Eager v. Price, Id. 333; Clarkson v. De Peyster, 3 Id. 320; McKinley v. Combs, 1 Monr. Rep. 106; Allen v. Camp, Id. 231; Halbert v. Grant, 4 Id. 580; Scott v. McMillan, 1 Litt. Rep. 302; Screven v. Bostwick, 2 McC. Rep. 410; Perry v. Nixon, 1 Hill's Ch. Rep. 335; Cloud v. Hamilton, 3 Yerg. Rep. 81; Moore v. Young, 1 Dana Rep. 516; Child v. Brace, 4 Paige's Rep. 309; Weed v. Pierce, 9 Cow. Rep. 722.] The allegation of the bill upon this point is defective, but the view taken of the first question is decisive of the case, and the consequence is, that the decree of the Court of Chancery is reversed and the cause remanded.