Mr. Justice Clayton
delivered the opinion of the court.
The points presented by this record are, 1. Whether a vendor of land, who has taken the notes of the purchaser, and given bond to convey the title when the purchase-money is paid, can pass his lien for the purchase-money by an assignment of the notes 1 2. Whether a bill filed for a specific performance of the contract, or in the event of failure to pay, to enforce the lien, can be maintained, if filed in the names of both the vendor and his assignee.
*300 That such bill can be maintained, if filed by the vendor alone, has been settled by this court in the case of Dollahite v. Orne, 2 S. & M. 590. It is equally clear, that it may be filed by the assignee. The retention of title by the vendor upon a sale, is in effect the same thing with conveying the title and taking a security by mortgage. Graham v. McCampbell, Meigs’s R. 52. By an assignment of a debt secured by mortgage, the rights of the mortgagee to proceed upon the security, also pass, as tin incident. The same result follows here. Selby v. Selby, 4 Russ. 336.
The bill may be maintained by the assignee alone, but in such case it might be necessary to make the assignor a party defendant ; or it may be brought in the name of the assignor and assignee jointly. In. the case cited from Meigs, the court says: “ The debt, in cases of mortgage, is considered as the principal, and the land as an incident only. The cases proye beyond a doubt, that the assignee of a debt secured by mortgage, is entitled to have it paid out of the mortgaged estate, if need be, although he has had no assignment of the estate ; they apply with equal force to the case of an assignee of a debt secured by a reservation of the title by the vendor. In each case the assignee may file a bill, to subject the estate to the payment of his debt, although there has been no assignment of the estate to him.” In that case, the vendor and assignee were both parties complainant. See Kenny v. Collins, 4 Litt. 289. Eubanks v. Poston, 5 Mon. 287.
The case of Briggs v. Hill, 6 How. 362, does not conflict with this ; because in that case there had been a conveyance of the land to the purchaser; in this but a bond for title. But even in that case, the court says, that “ the vendor, if he takes up the assigned note, may maintain his original lien, and that his indorser, by joining his name in a suit in equity, may enforce the lien.” That principle comprehends this case.
. . The objection to the allowance of the amendment in the court below, cannot be permitted to have any weight here. That is a matter resting in the sound discretion of *301 the subordinate courts, with which this court never interferes.
The decree of the court below, overruling the demurrer to the bill, is affirmed, and the cause remanded.