## NAPIER v. COOK.

1. When a levy has been made by the sheriff, on preperty for which he was afterwards sued, by one claiming it under a deed of trust from the grantor, and which he subsequently sold and applied to the payment of one of the creditors of the grantor, thereby incapacitating him from being a witness in the suit: Held, that this was not within the rule, which prevents a party to the suit, by any act of his, from incapacitating one from being a witness against him.

Error to Franklin Circuit Court.

DETINUE by the plaintiff in error, for two slaves and two horses.

The defendant pleaded not guilty, and a special plea that he seized and sold the property by virtue of legal process, against A. M. Degraffenreid, upon which issue was taken.

In the progress of the trial, the plaintiff offered in evidence a deed executed by B. Degraffenreid, M. Degraffenreid, and A. M. Degraffenreid, to James C. Kennerly, in trust, to pay certain debts of A. M. Degraffenreid. The deed was not witnessed, but was acknowledged for registration before a justice of the peace. A deed was also read from Kennerly to the plaintiff, transferring the legal estate by virtue of a clause in the deed.

The plaintiff then offered A. M. Degraffenreid as a witness,

to prove the execution of the deed, and the debts it was made to secure. The defendant objected to the competency of the witness, and to show his incompetency, produced in evidence an attachment, which issued at the suit of F. W. Bynum, against the witness, which was levied on the property conveyed by the deed, and which had been subsequently sold under a *fieri facias*, and the proceeds applied to the credit of the witness. It further appeared that the deed of trust was made before the attachment issued, but was levied before the transfer from Kennerly to the plaintiff, and the sale under the *fieri facias* was made after the commencement of the suit. Under this state of facts, the court rejected the testimony of the witness, and the plaintiff excepted.

This is the matter now assigned as error.

L. P. WALKER, for plaintiff in error. The witness Degraffenreid was entirely competent before the sale of the property by Cook, the sheriff. [1 Stewart, 419; 4 Porter, 63 ; 3 Ala. Rep. 455.]

After the sale, he was incompetent, unless the action of Cook, in selling the property, takes the case out of the general rule. His act in selling, after suit brought, creates an exception to the general rule. [1 Littell, 107 ; 3 Greenl. 165; Cook's Rep. 115; 17 S. & R. 409; 2 Root, 406 ; 3 Johns. Ca. 234; 4 S. & R. 222.]

WM. COOPER, contra. Degraffenreid, the witness, was directly interested, because the property had once been sold under execution to pay his debts, and his testimony would go to subject it again to the payment of another creditor. [1 Porter, 101; 4 Id. 63.] He was interested because responsible to the trustee for costs and damages. [3 Ala. 629 ; 19 Johns. 284; 5 Binney, 441 ; 6 Johns. 5; 2 Id. 394; 1 Mun. 600 ; 4 Esp. 164; 15 Johns. 240 ; 5 Id. 517 ; 13 Id. 224.]

The exception relied on does not apply to this case, as the sheriff was acting in due course of law.

The transfer of the deed of trust being a mere chose in action was unlawful.

ORMOND, J.—The witness, Degraffenreid, was not a com-

petent witness at the time he was offered. He was called to sustain the deed, by which certain property was conveyed to one in trust, to pay certain of his creditors, when the same property had been previously levied on and subsequently sold by the sheriff, under execution, and had been applied to the payment of his debts, in due course of law. It is therefore clear, that he did not stand indifferent between these creditors. The execution creditor being satisfied by the sale made by the sheriff, the witness had a direct interest in sustaining the deed, and thus make the property pay the debts of both creditors.

This proposition is not contested, and it is admitted, that the witness was incompetent when he was called to testify, but it is insisted, that he was competent when the suit was brought, and only became incompetent by the act of the defendant in selling the property; and the argument is, that the defendant shall not avail himself of a disability caused by hit own act.

A witness must be competent to testify at the time he is called as a witness. This is very strongly put in the case of Jones v. Scott, 2 Ala. 62, where it was held that the deposition of a witness who was competent to testify when it was taken, could not be read upon the trial of the cause, he having become interested in the event of the cause afterwards. In this case, it will be observed, the witness was called to testify in behalf of his own interest, the deposition being a mere substitute for the personal appearance of the witness; but a witness cannot, by his own voluntary act, by acquiring an interest disqualify himself from being a witness. or deprive any one of the benefit of his testimony. Still less will he be entitled to exemption from giving testimony, when his interest has been acquired by the contrivance, or assent of the party against whom he is called. The rule is thus laid down by Kent, Justice, in the case of Woodhull v. Ramsay, 3 Johns. C. 235, "The interest which will exclude the witness, must not have arisen after the fact to which he is called to testify happened, and by his own act, without the interference or consent of the party by whom he is called, because in that case, it would be in the power of the witness, and even of the adverse party, to deprive the person wanting

Napier v. Cook.

his testimony of the benefit of it." See also Burgess v. Lane, 3 Greenl. 165; McDaniel's will, 2 J. J. M. 332; Bent v. Baker, 3 D. & E. 33; Blann v. Beal, 5 Ala. 363; Bennet v. Robinson, 3 S. & P. 240.

This case does not come within these principles. Here indeed, the witness has done no act whatever. He is incompetent, not because by any act done by himself, he has become interested in the event since the suit was instituted, but because by the sale of the property in controversy by the sheriff, under execution, and the application of the money to the discharge of the debt of one creditor, the equilibrium of interest, which previously existed between the witness and both his creditors has been destroyed. If it were conceded that this result, if produced by the voluntary act of the creditor, against whom he is called, would not be any just cause for excluding the witness, it does not apply to such a case as this. The property was levied on and in the hands of the sheriff before the suit was brought, and the law cast on him the necessity of proceeding to the consummation of the act by a sale; and if the consequence of the sale and proper application of its proceeds, disqualifies the witness, it is the act of the law, and not of the sheriff. He cannot be responsible for, or be affected by, any consequence such act may have on the interest of the witness, because in no just sense can an act be called voluntary, which by law he is required to do. See Leiper v. Gewen, at the last, and Hodge v. Thompson, at the present term.

Let the judgment be affirmed.