## PLOWMAN & McLEAN v. RIDDLE, use, &c.

14 169
102 416

14 169
126 484

14 169
130 243

1. It does not affect the lien of a vendor, for the purchase money of land, that he takes a note for its payment, which the vendee may discharge in leather.

2. The lien of a vendor, for the unpaid purchase money, is not lost by the transfer of the note by which it is evidenced, as collateral security for the payment of of a debt.

3. The lien in such a case, can only be asserted by the person who thus holds the instrument as collateral security, jointly with the vendor, and therefore, a bill filed by the vendor, for the use of the person who holds the note as collateral security, is insufficient.

Writ of Error to the Chancery Court, sitting in the 40th District and Northern Division of the State of Alabama. Before the Hon. W. W. Mason.

THE bill is filed in the name of Alexander Riddle, for the use of James C. and Joseph T. Burt, and alledges, that some time in the year 1841, the complainant, Alexander Riddle, contracted to sell the plaintiffs in error a lot of ground, on which is situate a tan yard, in Mardisville, containing four acres, for the sum of $800—$500 to be paid in 1842, and $300 in 1843, and the complainant transferred to them a bond for titles held by him from one Bradford, and received the two notes of the plaintiffs in error to secure the purchase money. That the note for $500 is paid, and that the note for $300 remains unpaid, and which was due December, 1843; and by the terms of said note, the parties had the right to pay it in leather. The bill further alledges, that Plowman & McLean, being in doubtful circumstances, it was agreed, that McLean should execute to the complainant a mortgage, on the stock in trade, and to continue the lien the complainant had on the land for the balance of the purchase money. That McLean executed said mortgage, which is lost. The

22

bill prays, that the land may be charged with the payment of the note : that an account be taken, &c.

The defendants, Plowman & McLean, answer the bill separately, admitting the purchase of the lot of land as stated, and that the note described was given for part of the purchase money. Plowman admitted that McLean executed a mortgage on the stock, in pursuance of an agreement between Riddle, himself and McLean, and that in consideration thereof, it was agreed that he should be discharged from the payment of the note.

McLean admits the allegations of the bill, but denies that he ever executed any mortgage on the stock, or gave any lien to secure the note. He also insists in his answer, that the note has been transferred to James C. and Joseph T. Burt, and that Riddle has no interest in it, and that the transfer discharges the lien on the land, growing out of the contract of purchase of the land, and concluded with a demurrer.

Several witnesses were examined, amongst them Alexander Riddle, the complainant, who discloses that he transferred the note to the Mr. Burts, as collateral security, to protect them in the payment of money due from him to them. His testimony was objected to on the ground of interest, and also because he was the complainant in the cause.

The chancellor rendered a final decree, subjecting the land to the payment of the note, and ordered a sale of the premises. From this decree a writ of error is prosecuted, and the plaintiffs here assign for error—

1. The court erred in rendering the final decree.

2. The bill should have been dismissed on the demurrer.

3. The court erred in not sustaining the objection to the competency of the testimony of Riddle.

S. F. RICE, for plaintiff in error.

L. E. PARSONS, contra.

DARGAN, J.—This bill is filed for the purpose of enforcing the lien of a vendor, and subjecting the land to the payment of the purchase money.

The purchase money is secured by note, executed by the vendees, and which, according to the contract, they had the right to discharge in leather, which, however, they have not done. That the vendees had the right to pay the note in leather, does not affect the lien of the vendor. The note to him is for a sum of money, and the vendees merely had the privilege of paying it in leather. This was for their benefit or convenience, and it cannot be construed into a waiver of the lien on the part of the vendor.

2. Nor is the lien affected by the transfer of the note to the Burts, under the circumstances disclosed. The rule is settled in this court, that the equitable lien of a vendor, will pass to the assignee of a note, given in part payment of the purchase money. See 7 Ala. Rep. 318. But in the case of Hall's ex'r v. Click, 5 Ala. Rep. 363, it was decided, that if a note given for the purchase money of land was indorsed without recourse on the vendor, that the equitable lien could not be enforced in favor of the assignee.

It is clear that the lien in the case at bar, is not lost even upon the authority of the case in 5 Ala. Rep., for the facts as disclosed, show that Riddle, being indebted, transferred the notes to the Burts as collateral security, consequently the note is not transferred without recourse, for Riddle is liable for the debt until it is paid. But we come to the conclusion, that the decree must be reversed, for the want of proper parties.

It is the well settled rule, that all persons interested must be made parties to a bill, and if a *chose in action* is assigned, the assignee cannot carry on a suit in equity, in the name of the assignor. See Field v. Magee, 5 Paige, 540; 6 Id. 584; 7 Id. 287. And in the case of Cook v. Mildred's adm'r, 3 Har. & Johns. Rep. 278, it was held, that a bill could not be sustained in the name of the obligee of a bond only, after the bond had been assigned. We think these authorities conclusive to show, that the Burts should have been made parties to the bill; that is, the bill should have been filed in their names jointly with Riddle, and their interest distinctly alledged.

The bill is filed in the name of Alexander Riddle only. It is true, that it is stated that it is filed for the use of James C. and Joseph T. Burt; but the allegations of the bill are in the name of Riddle alone, and the interest of the Burts is not stated, nor how acquired. This is a practice not warranted in this court. The decree is therefore reversed, and the cause is remanded, that the parties may proceed as they may see fit.

CHILTON, J., not sitting.