Baum *v.* Grigsby.

---

# BAUM *v.* GRIGSBY.

The equitable lien which a vendor of real estate, after an absolute conveyance, retains upon the property for the unpaid purchase money is not assignable.

This lien is not a specific absolute charge upon the property, but merely a personal privilege of the vendor, and does not pass by a transfer of his claim for the purchase money.

The lien of the vendor is not waived, in the absence of express agreement to that effect, by the taking of the note or other personal security of the vendee for the purchase money; but is waived by the taking of a distinct and independent security, unless there is at the time an express agreement for its retention.

The distinction between the lien of a vendor after absolute conveyance and the lien of a vendor when the contract of sale is unexecuted, stated. In the latter case, the vendor holds the legal estate as security for the purchase money, and can assign his contract with the conveyance of the title, and in that event his assignee acquires the same rights and is subject to the same liabilities as himself. In the former case, the vendor retains a mere equity, which, to become of any force or effect, must be established by the decree of the Court.

APPEAL from the Seventh Judicial District.

One R. M. Hill sold and by a deed, absolute in form, conveyed to the defendant a tract of land in Napa County, and in part payment of the purchase money, defendant executed to Hill his negotiable promissory note. Hill indorsed the note to plaintiff, who brought this action to recover the amount due upon it, and also to establish a vendor's lien upon the premises, and to subject them to sale for the satisfaction of the debt.

The District Court gave judgment for the plaintiff, and directed a sale of the premises, and that the proceeds be applied to the payment of the amount due on the note. From this judgment the defendant appeals.

*W. C. Wallace* and *T. J. Tucker*, for Appellant.

The plaintiff claims that the sale and indorsement of the negotiable note, given in part payment of the purchase money, necessarily carries with it a lien upon the land.

There is not one authority to support this doctrine; but there is a conflict of authorities as to whether a vendor's lien can, under any circumstances, be sold and assigned to a third person.

This silent lien of a vendor is not an absolute and specific charge upon the land, but is a mere equitable right, arising from an implied trust relation, which may be resorted to by the vendor. (*Sparks* v. *Hess,* 15 Cal. 193.)

In this case the Court say: "It is a right founded upon the natural justice of allowing the vendor to subject the property with which he has parted to the satisfaction of the debt which constitutes the consideration of the transfer." And it is further held in *Hunt* v. *Waterman* (12 Cal. 304) that "The silent lien of the vendor is extinguished when the vendor manifests an intention to abandon, or not to look to it."

In the case of *Halleck* v. *Smith* (3 Barb. 272) the Court held, that "If the vendor take a note or bond from the vendee for the purchase money, that is no waiver of the lien—for such instruments are only the ordinary evidences of the debt. But if the note or bond is assigned or transferred to a third person for his

benefit, the security is gone forever. The reason is, that there is no peculiar equity in favor of the third person." This case is directly in point. (See also *White* v. *Williams*, 1 Paige, 506; *Jackman* v. *Hallock et al.*, 1 Ohio, 320; *Leman* v. *Beam*, 2 Id. 383; *Brush et al.* v. *Kensley et al.*, 14 Id. 22; *Green et al.* v. *Demoss et al.*, 10 Humph. 372; *Gilmore* v. *Brown et al.*, 1 Mason, 218.)

*Hartson & Stoney*, for Respondent.

If the lien for the purchase money is a mere personal right of the vendor, the respondent being the assignee of the vendor must of course fail. But if, as some of the authorities say, "the purchase money is a lien on the land," (*Gilman* v. *Brown*, 1 Mason, 212) it would seem that, as in the case of a mortgage the assignment of the debt by parol draws the land after it as a consequence, so in this case, the assignment of the debt due for the purchase money should, upon the same principle, draw after it the land upon which "the purchase money was a lien." (*Johnson* v. *Hart*, 3 Johns. Cases, 329; *McMillan* v. *Richards*, 9 Cal. 411; *Phelan* v. *Olney*, 6 Id. 483; *Bennett* v. *Solomon*, 6 Id. 138.)

Hillard, in his work on mortgages, (Vol. 1, pp. 463, 464) says: "One of the most common occasions for executing a mortgage occurs when a conveyance of land is made and a mortgage of the same land at the same time taken back by the grantor to secure the whole or a part of the purchase money. The lien for the purchase money is a title substantially corresponding with that created by such a mortgage, but arising by implication merely, and not depending upon any deed or written instrument whatever."

The ground of these equitable liens is, that the vendee ought not in equity to be allowed to hold the land, the purchase money for which he is unwilling to pay. In *Chapman* v. *Tanner* (1 Vern. 267) the Lord Keeper said: "In this case there is a natural equity that the land should stand charged with so much of the purchase money as was not paid, and that, without any special agreement for that purpose."

We cannot perceive that the equity is at all changed by the fact that the unpaid purchase money is due to the assignee of the vendor instead of the vendor himself; or how it can be equitable to hold

Baum *v.* Grigsby.

the land without paying the purchase money in the one case and not in the other. (See *Fisher et al.* v. *Johnson & Wife*, 5 Ind. [Porter] 492; *Dart* v. *McQuilty et al.*, 6 Id. 391; *Blumfield et al.* v. *Palmer*, 6 Blackf. 227; *Bryer et al.* v. *Chase*, 8 Id. 508; 1 Hillard on Mort. 477, 482, 485, 486; *Eskidge* v. *McClure et al.*, 2 Yerg. 84; *Watson* v. *Willard*, 9 Barr. 89; *Honore's Ex'rs*. v. *Bakeville*, 6 B. Monroe, 67; *Kelly* v. *Payne*, 18 Ala. 371; *White* v. *Stover*, 10 Id. 441; *Skinner* v. *Scott*, 6 Dana, 138.)

FIELD, C. J. delivered the opinion of the Court—NORTON, J. concurring.

The doctrine that a vendor of real property, after an absolute conveyance, retains an equitable lien for the unpaid purchase money, prevails in England and in nearly all the States of the Union. The difference of opinion in the numerous cases upon the subject in the Courts of this country relates principally to the character of the lien, and to the question whether it passes with a transfer of the claim of the vendor for the purchase money. The lien, it is conceded, is not waived, in the absence of express agreement to that effect, by the fact that the vendor takes the note or other personal security of the vendee for the money. Such personal security is considered as only intended to meet and overcome the acknowledgment of the receipt of the money in the deed. On the other hand, when any other independent security is taken—as a mortgage on the land, or upon other property, or the personal responsibility of a third person—the lien is held to be waived, unless there is at the time an express agreement for its retention. The taking of a distinct, independent security is presumptive evidence of the waiver.

The fact, therefore, that the vendee in the present case gave his negotiable promissory note to the vendor for a portion of the purchase money, in no respect affects the equitable lien of the latter. The question presented is, whether that lien passed to the plaintiff with the indorsement of the note to him. There was no attempt made to assign specially the lien; its assignment is asserted from the simple transfer of the note.

The question, upon the authorities, is clearly with the appellant.

Indeed, with the exception of decisions in two or three States, the adjudged cases are uniformly against any assignment of the lien by a transfer of the note or other personal security of the vendee. "I am not aware of any case," says Chancellor Walworth, "where the assignee of the note or the security has been permitted to sustain such a claim on an implied agreement to assign the lien." (*White* v. *Williams*, 1 Paige, 506.) "I do not find in the English books," says Mr. Justice Nesbit, of the Supreme Court of Georgia, "a single case in which it (the lien) has been enforced in favor of the assignee of the note for the purchase money." (*Wellborn* v. *Williams*, 9 Geo. 89.)

The cases which deny that the lien passes with the personal security of the vendee do not rest, except in a few instances, upon the want of a special assignment from the vendor, but upon the ground that the lien is in its nature unassignable; and to that conclusion we have arrived. The lien is not a specific, absolute charge upon the property. It is simply a right to resort to the property upon a failure of payment by the vendee. It does not arise from any agreement of the parties, but is the creature of equity, and is established solely for the security of the vendor. It is founded upon the natural justice of allowing a party to reach the property, which he has transferred, to satisfy the debt which constitutes the consideration of the transfer. It is, therefore, the personal privilege of the vendor. The assignee of a note given for the purchase money stands in a very different position. He has not parted with the property which he seeks to reach, in consideration of the note he has received. He has never held the property, and has, therefore, no special claims upon equity to subject it to sale for his benefit. The particular equity of the vendor in this respect cannot, in the nature of things, be asserted by another. "It is indispensably necessary," says Chancellor Bland, "to the existence of such a lien, that the parties should stand in the relation towards each other of *vendor* and *vendee* of real estate, the purchase money of which has not been fully paid. If that relationship is, in any manner whatever, put off, altered, or relinquished, an equitable lien either cannot arise or will be destroyed. The pure relationship of creditor and debtor, or of borrower and lender, is incompatible with

the existence of an equitable lien, excludes or extinguishes it."
And again : " An equitable lien is an incumbrance upon land,
which can only be held by a vendor ; and although assets may be
marshaled so as to put a vendor altogether upon his equitable lien,
for the benefit of other creditors, yet no third person can, as
assignee of the vendor, derive any benefit from such a lien ; nor
can it, like a bond or mortgage, be assigned, because it is not
expressed in writing, or in any separate contract, but exists only as
an inseparable equitable incident of the contract of purchase, and
is raised by construction of equity in favor of the vendor only.
To allow it to pass by an assignment of the claim for the purchase
money, or by a transfer of the bonds, or notes, given as a security
for the payment of the purchase money, would be of the most
ruinous consequence to titles to real estate." (1 Bland's Chan.
523, 524.) The vendor's lien, says the Supreme Court of Ten-
nessee, "is nothing more than a mere equity, capable of acquiring
the force and efficacy of a lien, under certain circumstances, in the
event of the non-payment of the purchase money. It is the creature
of a Court of Equity, and rests upon the principle, ' that a person
having got the estate of another shall not, as between them, keep
it and not pay the consideration.' (*Mackreth* v. *Symmons*, 15 Ves.
329.) But this lien is a mere personal equitable right in the
vendor, and is not assignable. It looks only to the security of the
vendor, and does not pass to the assignee of the vendee's obligation
for the consideration money, and, consequently, cannot be enforced
in his favor." ( *Green* v. *Demoss*, 10 Humph. 374 ; see also *Jack-
man* v. *Hallock*, 1 Ohio, 320 ; *Wellborn* v. *Williams*, 9 Gco. 86 ;
*Briggs* v. *Hill*, 6 How. 362 ; *Gilman* v. *Brown*, 1 Mason, 221 ;
and the note of Hare & Wallace to *Mackreth* v. *Symmons*, 2 Lead-
ing Cases in Equity, 276, where all the authorities are cited.)

There is a marked distinction between the lien of a vendor after
absolute conveyance and the lien of a vendor where the contract of
sale is unexecuted. In the latter case, the vendor holds the legal
estate as security for the purchase money. He can assign his con-
tract with the conveyance of the title—and in such case his assignee
will acquire the same rights and be subject to the same liabilities as
himself. (See *Sparks* v. *Hess*, 15 Cal. 194 ; and *Taylor* v.

*McKinney*, 20 Id. 618.)    In the former case, the vendor retains a mere equity, which to become of any force or effect must be established by the decree of the Court.

It follows, that the District Court erred in directing the enforcement of the lien of the vendor in favor of the plaintiff.    The judgment must be reversed, and the Court below directed to enter upon its findings a simple money judgment against the defendant for the amount due upon the note, and to deny the prayer for the sale of the premises.

Ordered accordingly.