Masten, J.
It is contended on the part of the de- * fendant.—1. That Hibbard, the vendor, had no lien on the land for the unpaid purchase money.
3. That if he had, it was personal to himself, and not assignable.
*422 3. If assignable, it did not pass to the plaintiff by the assignment proven.
By the settled law of this State, Hibbard, the vendor, had a lien on the land in equity for the unpaid purchase money.
The lien of the vendor upon the land for the unpaid purchase money, after an absolute conveyance of the land, is an anomaly, and is subject to the marked qualification, that whenever a vendor manifests an intention not to rely upon it for the purchase money, it is regarded as waived—it ceases to exist (Colt v. Fougera, 36 Barb., 195; Fish v. Potter, 2 Keyes, 64). In many of the States of this Union, it is not recognized.
This lien affects the vendor in his estate. And therefore, under our law, upon the death of the vendor, it is transmitted, with the debt for which it is a security, to his personal representatives, and can be enforced by them.
In this State, everything which can be transmitted to personal representatives, is the subject of assignment inter vivos.
“ The power to assign and transmit to personal representatives, are convertible propositions” (Zabriskie v. Smith, 13 N. Y., 322; Fried v. New York Central R. R. Co., 25 How. Pr., 285).
It therefore follows, as a logical conclusion, that the equitable lien of a vendor of land, for the payment of the purchase money, is capable of being assigned with the debt for the payment of which it is a security.
I do not understand that there is any doubt or difference of opinion in respect to the questions presented for consideration in this case, when the vendor has only given a bond or an agreement to convey the land.
For the the courts of all the States, with the exception of those of Ohio, which recognize the equitable lien of the vendor for the unpaid purchase money after *423 the conveyance of the land, but consider it personal to the vendor, and not assignable, hold that when the vendor has simply given a bond or an undertaking to convey the land, his assignment or transfer of the purchase money debt, carries with it, to his assignee, as an incident, the right of recourse to the land to enforce its payment (Roper v. McCook, 7 Ala., 318; Hall v. Click, 5 Id., 363; Kelly v. Payne, 18 Id., 371; Wells v. Morrow, 38 Id., 125; More v. Andus, 14 Ark., 634; Shall v. Biscoe, 18 Id., 142; Rakestraw v. Hamilton, 14 Iowa, 147; Ferry v. George, 37 Miss., 539; Adams v. Cowherd, 30 Mo. [9 Jones], 658).
But, when there has been an absolute conveyance of the land by the vendor, the courts are not agreed as to the exact nature of the vendor’s lien for the unpaid purchase money.
Some of them hold that the lien is not an original, specific, and absolute charge on the land, but only an equity to resort to the land after all remedy at law has been exhausted against the personal estate of the debt- or (Roper v. McCook, supra; Bottorf v. Conner, 1 Blackf., 287; Russell v. Todd, 7 Id., 239; Pratt v. Van Wyck, 6 Gill & J., 495; Richardson v. Stillinger, 12 Id., 478).
While others hold that such lien may be enforced in equity, without any previous proceedings at law (Richardson v. Baker, 5 J. J. Marsh., 323; Galloway v. Hamilton, 1 Dana [Ky.], 576; Bradley v. Bosley, 1 Barb. Ch., 125.
The courts of Alabama, Arkansas, California, Georgia, Illinois, Iowa, Mississippi, Ohio and Tennessee hold that the equitable lien of the vendor of land after conveyance, i@ personal to him, and except under peculiar equitable circumstances, is not assignable. And that when the vendor assigns the purchase money debt, so that there is no recourse to him, the lien is gone (Hall v. Click, 5 Ala., 363; White v. Stover, 10 *424 Id., 441; Shall v. Biscoe, 18 Ark., 142; Baum v. Grigsby, 21 Cal., 172; Lewis v. Cavillaud, 21 Id., 178; Williams v. Young, 21 Id., 227; Wellborn v. Williams, 9 Geo., 86; Webb v. Robinson, 14 Id., 216; Richards v. Leaming, 27 Ill. 431; Keith v. Horner, 32 Id., 524; Dickinson v. Chase, 1 Morris, 492; Briggs v. Hill, 6 How. [Miss.], 362; Walker v. Williams, 30 Miss., 165; Stratton v. Gold, 40 Id., 778; Jackman v. Hallock, 1 Ohio, 318; Tiernan v. Beam, 2 Id., 383; Bush v. Kinsley, 14 Id., 20; Horton v. Horner, Id., 437; Green v. Demoss, 10 Humph., 371; Gann v. Chester, 5 Yerger, 205; Graham v. McCampbell, Meigs, 52.)
In Adams v. Cowherd (30 Mo. [9 Jones], 458), there is an obiter dictum to the same purport.
The court of chancery of Maryland held the same doctrine (Iglehart v. Armiger, 1 Bland Ch., 519; Dixon v. Dixon, 1 Md. Ch. Dec., 220).
Subsequently, the court of appeals of that State declared its unwillingness to go to the extent of holding that the lien was not assignable, but ruled that it required an assignment of it, in terms, to pass it, and that when the assignment was without recourse, and did not in express terms include the lien, it was extinguished.
The courts of Kentucky and Indiana hold that the equitable lien of the vendor of land after conveyance, is assignable, and passes with the assignment of the purchase money debt, as an incident to it (Johnson v. Gwathmey, 4 Litt., 318; Kenny v. Collins, Id., 289; Honore v. Bakewell, 6 B. Monroe, 67; Ripperdon v. Cozine, 8 Id., 465; Eubanks v. Poston, 5 Monr., 286; Fisher v. Johnson, 5 Ind., 492; Kern v. Hazlerigg, 11 Id., 443).
The question, whether the transfer of the note of the vendee of land given for the purchase money, carries *425 with it the vendor’s lien, was np in the case of White v. Williams (1 Paige, 502).
Its solution was not necessary to the decision of the case.
The chancellor seemed to be of the opinion that the lien did not pass ; that, if it was not lost, it could only be enforced in the name of the vendor, as trustee of it for Ms assignee.
In Hallock v. Smith (3 Barb., 267), it was held that the lien was assignable, and could be enforced by the assignee, when the vendor continued to have a pecuniary interest in the payment of the assigned debt.
The court said : “If the note or bond of the vendee is assigned or transferred to a tMrd person, for his benefit, the security is gone forever.
“ The reason is, that there is no peculiar equity in favor of the third person. ' But that does not apply where, as in this case, the transfer is only for the purpose of paying the debt of the vendor, so far as it may be available, and is therefore for his benefit. There the equity continues.”
Chancellor Blakd, in Iglehart v. Armiger, supra, speaking of the vendor’s lien after conveyance, said : “ It is a vendor’s security or privilege. It is indispensably necessary to the existence of such a lien that parties should stand in the relation towards each other of vendor and vendee of real estate, the purchase money of which has not been fully paid.
“If that relationship is in any manner whatever put off, altered, or relinquished, an equitable lien either cannot arise, or will be destroyed.
“The pure relationship of creditor and debtor is incompatible with the existence of an equitable lien, excludes or extinguishes it.”
Judge Nisbet, in Williams v. Williams, supra, said: “The question is, whether, up on a naked assignment of the notes of the vendee, the lien of .the vendor *426 attaches to the notes in the hand of the assignee ? Upon principle and authority, our judgment is that it does not. I admit that a contrary idea is sustained by some of the analogies of the law. Generally, for example, incidents follow the principal. But the vendor’s lien is peculiar; it is mi generis, and distinguished from those things to which it has some resemblance. ... It does not exist by virtue of the civil law ; it is the creature of the courts of equity; and it is of force according as it is regarded by those courts.”
The counsel of the plaintiff said, that in marshaling securities the vendor will be compelled to enforce his lien. This is doubtless so. But that does not show that it is assignable, or that it passed to the plaintiff by the assignment in this case. That is merely compelling the vendor to enforce Ms lien or privilege, so that the just expectations of those persons who have claims upon the personal estate of the vendee may not be disappointed.
I conclude that the lien of the vendor, in equity, upon the land, for the unpaid purchase money, after he has absolutely conveyed the land, does not rest upon principle, but is a creature of chancery, with the anomalous element that it ceases to exist, whenever the vendor, by act, manifests that it is not relied upon. Hence, if at the time of the conveyance, the vendor takes security for the payment of the purchase money, the lien cannot arise; or, if he subsequently takes security, the lien is thereby destroyed.
It is therefore distinguishable from those incidents which generally follow the principal.
When the vendor assigns the purchase money debt, and continues to have a pecuniary interest in its payment, he does nothing manifesting an intention not to rely upon the lien. His interest to preserve it remains.
But, when he assigns the debt in such manner and form as to have no further interest in its payment, and *427 omits to assign the lien in terms, he manifests the intent that the lien is no longer to be relied upon; and that destroys it.
I am of the opinion that in this case, both on principle and authority, the vendor’s lien is gone.
The complaint must be dismissed.