160 So. 895

### MYRICK v. MYRICK et al.

I Div. 809.

Supreme Court of Alabama.

April 18, 1935.

Adams & Gillmore, of Grove Hill, for appellant.

A. S. Johnson, of Thomasville, for appellees.

Brief did not reach the Reporter.

**ANDERSON, Chief Justice.**

This appeal presents the correctness of the ruling of the trial court in excluding the depositions of the complainant's witnesses. When the depositions were taken they were not incompetent, but before the trial, the complainant, their father, died, and said witnesses being his heirs became incompetent because interested in the property involved in this controversy.

Counsel for the appellant make a strong and persuasive argument that in equity cases the competency of the witness should be fixed as of the time his deposition is given, and not when offered at the trial. We may concede that this insistence finds support by the weight of authority, text-books, and a majority of the state courts, but the question to the contrary is foreclosed by our decisions and a statute.

In the case of Jones v. Scott, 2 Ala. 58, cited and followed in Napier v. Cook, 9 Ala. 838, 840, it was held that the competency of a witness must be tested when his deposition is offered as evidence at the trial, and not when it was taken; that though competent when the deposition was taken, if the witness becomes incompetent before it is offered at the trial, it should be excluded. True, these were cases at law, and Justice Ormond, in the Jones Case, supra, noted a different rule under the English chancery practice, but these cases did fix the competency of the evidence as based on the status existing when the evidence is offered at the trial and not when the deposition was taken.

Section 6579 of the Code of 1923 automatically makes the same rule apply to witnesses in chancery or equity matters. Said section reads as follows: "The rules of evidence as to the competency of witnesses in chancery or equity matters are the same as in courts of law."

As the complainant's evidence was properly rejected, the decree denying complainant relief is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.