No. 5.—GEORGE P. GUERRY and Wife, and others, plaintiffs in error, *vs.* THOMAS J. PERRYMAN and others, defendants in error.

[1.] If a demurrer be put in to a bill of review, to reverse a decree for errors in law apparent on the face of the decree, and the demurrer is overruled, the decree is reversed and the errors allowed.

[2.] But where a bill is filed in the nature of a bill of review, to set aside a decree for fraudulently procuring service to be entered on the original bill against the defendant therein, the overruling the demurrer to such a bill does not reverse and vacate the original decree.

[3.] Error in matter of form only, though apparent on the face of the decree, is not a sufficient ground for reversing the decree.

In Equity, in Twiggs Superior Court. Tried before Judge POWERS, March Term, 1852.

James R. Lowry died, and Thomas J. Perryman became administrator—Hardy Durham being the surety upon his bond.

In 1841, James P. Guerry, in right of his wife, one of the children of Lowry, and as guardian for three of the minor children, and John Williams in right of his wife, and as guardian of another minor child, filed their bill in Twiggs Superior Court, against Perryman, as administrator, for an account. At the trial Term, there being no answer, the bill was taken *pro confesso,* and a verdict was rendered by the Jury, of $2043.54 for each complainant. On this verdict, a judgment or decree was entered in favor of Guerry individually, and as guardian for the three minors, for four times the said sum, to be levied of the individual property of Perryman. Williams, both in right of his wife and as guardian of his ward, withdrew from the suit.

A return of "no property," was made on the *fi. fa.* and at the April Term, 1843, Guerry, in right of his wife, and as guardian of Frances R. and Wm. R. Lowry and Bennet S. Battle, who had in the meantime intermarried with Eveline Lowry, commenced an action at Law, against Hardy Durham, as the surety of Perryman, on the administration bond, to recover the amount of the decree obtained against Perryman.

On the trial in April, 1844, a judgment was rendered for the plaintiffs, for $3380, and costs; the defendant having proved the payment of large sums of money by Perryman to the distributees, and which had not been allowed in the former case. This judgment Durham discharged. To indemnify Durham, Perryman transferred to him, among other things, a note, (not negotiable) made by James P. Guerry to Perryman. Durham transferred this note to one John Dennard, who commenced suit thereon, in the name of Perryman, for his use. To this suit Guerry pleaded as a set-off, the balance due on the decree recovered by him against Perryman, and at the same time filed a bill in Equity, in order to get this equitable claim allowed as a set-off.

Pending this suit in November, 1849, Hardy Durham, John Dennard and Thomas J. Perryman, filed their bill in Twiggs Superior Court, setting out the foregoing facts, and praying a review and reversal of the decree rendered upon the original bill

against Perryman. This bill alleged farther, that "at the time of the filing of the said (original) bill, Perryman was not a citizen or resident of the State of Georgia, but had long before left said State, and removed to the State of Texas, and has never been in Georgia since; and that the complainants in said bill, by themselves or their attorneys, with a full knowledge of the fact, directed or procured the Sheriff of Twiggs County to return on said bill, that he had served the same, by leaving a copy at the most notorious place of abode of said Perryman, in the County of Twiggs, when in fact he had no such residence."

The grounds assigned for the review were,

1. Because there was no service of the bill upon Perryman.

2. Because the bill was taken *pro confesso,* and a decree taken at the second term.

3. Because the decree does not follow the verdict.

To this bill a demurrer was filed, upon several grounds. The Court, at October Term, 1851, overruled the demurrer—a writ of error was taken to the Supreme Court, and the judgment of the Court below was affirmed, at Savannah, January Term, 1852. Immediately after the decision of the Supreme Court, sustaining the demurrer, the defendants filed their answer to the bill, in which they denied the "fraud charged" in the bill, &c. &c.

At the March Term, 1852, of Twiggs Superior Court, counsel for complainants moved the Court, "that answers of the defendants be taken off of the files of said Court, and that the original decree be set aside, reversed and made void."

Which motion the Court sustained, and counsel for defendants excepted.

Hill & Stubbs and Scarborough, for plaintiffs in error.

Cole and S. T. Bailey, for defendants in error.

*By the Court.*—Warner, J. delivering the opinion.

When this bill was originally filed, it was demurred to by the defendants, and that demurrer was overruled. The question

now is, whether the overruling that demurrer had the effect to set aside and open the original decree rendered against Perryman? This bill is not, *technically,* a bill of review for error in law, apparent on the face of the decree, but is a bill in the nature of a bill of review.

Although the original bill against Perryman which is sought to be reviewed, was regularly served, as appears upon its face, yet, it is alleged that the entry of service was *fraudulently* procured, after Perryman had left the State. The allegation as to the fraudulent procurement of the entry of service, is an *issuable fact,* which must be determined by evidence *outside of the record and decree.*

[1.] When a bill is filed to review a decree for *error in law,* apparent on its face, a demurrer to such a bill presents an *issue of law only* for the judgment of the Court, and if the demurrer is overruled, the effect is, to set aside and open the decree; the facts, as the same appear on the face of the decree, being confessed by the demurrer, the judgment of the Court as to the existence of such error, is necessarily affirmed by such judgment overruling such demurrer.

[2.] The main ground upon which the complainants in this bill sought to reverse the original decree against Perryman, is, that he was never served; that the entry of service, which is apparent on the face of the record and decree sought to be reviewed and set aside, was *fraudulently* placed there by the Sheriff, after Perryman had left the State. The complainants, however, contend, that notwithstanding this may be true; yet, if it appears on the face of the decree, that there are errors in law apparent, which would be sufficient to open and vacate the decree, the judgment of the Court below was right. The complainants specify two grounds of error, which they say are apparent on the face of the record and decree, sufficient to open and set it aside. We have been somewhat embarrassed, in the absence of the original record and decree, in which the proceedings were had against Perryman, and must be governed entirely by such parts thereof, as are set forth in the complainant's bill now before us. The first alleged *apparent error* is, that the decree was taken

at the second term of the Court, without any *legal order*, taking said bill as confessed against Perryman. Assuming *ex gratia*, that such an order was necessary, the effect of which would have been to place the *defendant in default*, yet, the order is not in the record, so that its *illegality* might be apparent to the Court.

The *existence* of an order is virtually admitted, but its not being a *legal order*, is the conclusion of the complainants. The order itself should have appeared on the face of the complainant's bill, so that the Court might determine whether it was a *legal* order or not. A demurer does not admit *conclusions of law.* The second ground of alleged error apparent on the face of the record and decree is, that said decree demands satisfaction out of the private estate of Perryman, and not out of the estate of Jas. R. Lowry in his hands. It appears on the face of the complainant's bill, that the verdict was found by the Jury against Perryman, *as administrator on the estate of James Lowry,* and that the decree entered upon said verdict was against Perryman in his *individual capacity,* and not as administrator. The *formal* variance between the verdict of the Jury and the decree entered thereon, is a matter which can be remedied by an amendment, so as to make the decree conform to the verdict: in fact, the verdict of the Jury under our system of Equity practice, settles the rights of the parties; the decree can only be éntered in conformity thereto.

[3.] Error in matter of form only, though apparent on the face of the decree, is not a sufficient ground for reversing the decree. *Mitford's Pleading,* 67. *Story's Eq. Pleading, section* 411. The main ground on which the complainants seek a reversal of the decree against Perryman being the *fraud* alleged in procuring the service of the original bill upon him, the demurrer to the bill of review was overruled on that ground, and not because there were *errors in law* apparent on the face of the decree. See *Guerry and Wife vs. Durham,* 11*th Georgia Rep.* 15.

We shall therefore reverse the judgment of the Court below, with directions to have the original decree against Perryman amended, if necessary, so as to conform to the verdict rendered against him as administrator.