R. E. Lindsey et al. v. J. W. Bates.

---

## R. E. LINDSEY *et al. v.* J. W. BATES.

1. MORTGAGE: VENDOR'S LIEN: RIGHTS OF ASSIGNEES OF PROMISSORY NOTES SECURED BY. — The assignee of a debt secured by mortgage can enforce payment of the same out of the mortgaged estate though he have no assignment of the estate: so an assignee of a debt secured by a reservation of the title by the vendor.

2. VENDOR'S LIEN: WHEN DEED MADE, ASSIGNEE CANNOT ENFORCE: AFTER ASSIGNMENT AND PAYMENT BY VENDOR HE MAY ENFORCE. — The vendor's lien is raised by construction of equity in favor of the vendor only; and when a deed has been executed by the vendor in which no express lien is reserved, none exists in favor of the assignee of the note given to secure

the purchase-money; when the vendor, assignor, is compelled to take up the note for the purchase-money, his lien revives, and as owner of the note he may enforce the lien as though no assignment had been made.

3. SAME: MAY BE ENFORCED BY ASSIGNEE WHEN DEBT TRANSFERRED AS COLLATERAL SECURITY. — Where a note given for the purchase of land is transferred by the vendor (who has executed a deed) to his creditor as collateral security for his debt, and where he does not part with his entire interest in the note, the assignee in his name and that of the vendor may enforce vendor's lien.

APPEAL from the Chancery Court of Attala county. Hon. J. A. P. Campbell, chancellor.

Appellants filed their bill to enforce vendor's lien on a note given by appellee to Presley for certain lots in the town of Goodman. The note, which was payable to bearer, was transferred by endorsement to Lindsey. Appellee demurred, which was sustained, and the bill dismissed. To reverse this decree this appeal is prosecuted.

*Niles & Boyd* for appellants.

1. That Presley had a lien for the purchase-money on the lots sold, is not denied. He transferred the note by endorsement to appellant Lindsey.

2. The assignee of a note may avail himself of the vendor's lien in many instances, but must join the assignor, as a joint complainant, in the bill to enforce the lien. See *Briggs* v. *Hill*, 6 How. 362, where the court says, " It seems to be admitted that the vendor, if he takes up the assigned note, may maintain his original lien ; and that his endorsee, by joining his name in a suit in equity, might enforce the lien." Paige's Chancery Reports, 305. See also *Tanner* v. *Hicks*, 4 S. & M. 294, where this doctrine is again expressly recognized. See also Hilliard on Mortgages, vol. i. chap. 23, § 47, p. 704, where it is laid down that " The lien is not lost where the vendor assigns the security merely for the payment of his debts, so far as it is sufficient for that purpose, or as collateral for a debt. In such case the assignor and assignee must join in the suit to enforce the lien." *Wilkins* v. *Humphreys*, 23 Miss. 311 ; *Greggs* v. *Bailey*, 10 Ala. 344 ; *Halleck* v. *Smith*, 3 Barbour, 267 ; *Plow-*

*man* v. *Riddle*, 14 Ala. 169 ; *Betton* v. *Williams*, 4 Flor. 11 ; *Grigsby* v. *Hair*, 25 Ala. 327 ; *Honore* v. *Blackwell*, 6 B. Monroe, 67 ; *McBrayer* v. *Collins*, 18 B. Monroe, 833 ; *Fisher* v. *Johnson*, 5 Ind. 492 ; 19 Tex. 213 and 497 ; *Cleveland* v. *Martin*, 2 Head, 128.

That Presley was bound, or intended to be bound, for the ultimate payment of the note, is plain from his having endorsed it, when such endorsement was not necessary to pass title, it having been drawn payable to bearer.

*Groves & Turner*, for appellee, cited *Stratton* v. *Gould*, 40 Miss. 780 ; 6 How. 362 ; 25 Miss. 88 ; *Macreth* v. *Simmons*, 1 L. Cases in Equity, 336, 374.

PEYTON, J., delivered the opinion of the court.

The appellants filed their bill of complaint in the Chancery Court of Attala county, alleging that on the first day of May, 1867, the said L. C. Presley sold and conveyed to appellee certain lots or parcels of land in the town of Goodman, in the county of Holmes, described in the deed of conveyance, for and in consideration of the sum of five hundred dollars, to secure the payment of which sum the appellee executed his promissory note in writing to the said Presley, payable on the first day of January, 1868, and that the said Presley transferred the same by endorsement to the said Rachel E. Lindsey.

The appellants further charge in their bill, that the said note remains due and wholly unpaid, and pray for a decree for the sale of said lots for the payment of the purchase-money.

The defendant in the court below filed a demurrer to the bill, which was sustained by the court, and the bill dismissed. Hence this appeal. The appellants assign for error the action of the court in sustaining the demurrer and dismissing the bill.

This presents the interesting question whether the assignee of a note given for the purchase-money of land can, in conjunction with his assignor, the vendor, maintain a suit in equity to subject the land to the payment of the purchase-money, on the ground of the existence of a vendor's lien, where the land

has been conveyed by deed, and there is no express lien upon the property, by agreement of the parties, for the purchase-money.

As a general proposition, if a debt be secured by an *express* lien upon property, the assignment by the debt secured by such lien will give the assignee the benefit of the lien. As in the case of a mortgage taken by the vendor to secure the payment of a note given for the purchase-money, the assignment of the note carries with it the mortgage, which is a mere incident to the debt, and the assignee of the note is entitled to resort to the mortgage and all other securities, which were given for the purpose of assuring its payment, as its incidents.

And also where the vendor has merely given a bond for title, the lien he has upon the land for the purchase-money is treated as a mortgage, which shall inure to the benefit of the assignee of the debt secured by it. 2 Washburn on Real Property (3d ed.), 91.

The cases establish the doctrine beyond doubt, that the assignee of a debt secured by mortgage is entitled to have it paid out of the mortgaged estate if required, although he has no assignment of the estate ; and they apply with equal force to the case of an assignee of a debt secured by a reservation of the title by the vendor. In each case the assignee may file a bill to subject the estate to the payment of the debt, although there has been no assignment of the estate to him. And in such cases it is said the assignee may join with him, his assignor, in the bill. *Tanner* v. *Hicks*, 4 S. & M. 300.

But in the case at bar the assignment of the note to the assignee does not carry with it the *implied* lien of the vendor on the land for the purchase-money. This lien is an incumbrance upon land, which can only be held by a vendor, and assets may be marshalled so as to put a vendor altogether upon his equitable lien for the benefit of other creditors ; yet no third person can, as an assignee of the vendor, derive any benefit from such lien ; nor can it, like an *express* lien, be assigned, because it is not expressed in writing, or in any separate contract, but exists only as an inseparable equitable incident of the contract of

R. E. Lindsey et al. *v.* J. W. Bates.

purchase, and is raised by construction of equity in favor of the vendor only.

Upon the assignment of the note the vendor's lien ceased to exist. So long as the assignee remained owner of the note, neither he nor his assignor had any lien on the property which could be enforced by them, either jointly or severally. But in case the vendor, the assignor, is compelled to take up the note, his lien revives, and as owner of the note he may enforce it in a court of equity, as though the assignment had never been made.

It is insisted by counsel for the appellants that the contingent liability of the vendor, arising from his endorsement of the note, preserves the lien, and authorizes the endorsee, in conjunction with the vendor, to enforce it by bill in equity. And to sustain this view they cite the case of *Briggs* v. *Hill*, 6 How. 366, where the court says, "The vendor having thus finally waived the right to enforce his equitable lien, it never can again be revived in his favor, unless his privilege as vendor has been kept up and continued by the holding of him answerable as assignor of the securities given for the payment of the purchase-money."

This, we apprehend, applies more appropriately to a case where the note is transferred by the vendor to his creditor as collateral security for his debt, and where he does not part with his entire interest in the note.

At the time that Lindsey bought the note from Presley, the latter unquestionably had such lien. If Presley could be considered as still retaining any such claim after the transfer of the note, it must be on account of his liability as endorser thereof. But even if this was sufficient, there is no evidence in the record, or even allegation, that any steps were taken to charge him as endorser.

We think the court below did not err in sustaining the demurrer and dismissing the bill of complaint.

The decree will therefore be affirmed.