J. A. COTTEN ET AL. *v.* CATHERINE MCGEHEE, EXECU-
TRIX, ETC.

1. VENDOR'S LIEN. *Assignment of note. Revivor on repurchase.*
   Whenever the note comes back to the vendor, whether by honoring his own indorsement or by purchase where unindorsed, his lien revives.

2. SAME. *Purchase by executrix. Devastavit.*
   The result is the same when the note is taken by his executrix (and sole legatee) for a debt due her testator.

APPEAL from the Chancery Court of Pike County.
Hon. THOMAS Y. BERRY, Chancellor.

Catherine McGehee, executrix and sole legatee of John H. McGehee, filed this bill against the heirs of W. A. Cotten, to foreclose a vendor's lien on land purchased with notice by their father from Jennie Boyd, the vendee of the complainant's testator. The note, which was payable to John H. McGehee *or bearer*, had been transferred for value by him, in due course of trade, by delivery to Eveline Harvey, who remained its owner

and possessor until after his death. The executrix received the note from Mrs. Harvey, in regular course of business, for a debt due the estate. From a final decree enforcing the lien the respondents appealed.

*Cassedy & Stockdale*, for the appellants.

1. There is no vendor's lien in favor of Catherine McGehee, either individually or as executrix. *Briggs* v. *Hill*, 6 How. (Miss.) 362; *Lindsey* v. *Bates*, 42 Miss. 397; *Pitts* v. *Parker*, 44 Miss. 247; *Stratton* v. *Gold*, 40 Miss. 778; *Schnebly* v. *Ragan*, 7 Gill & J. 120; *Hall* v. *Click*, 5 Ala. 363; *Griggsby* v. *Hair*, 25 Ala. 327.

2. The executrix committed a *devastavit* in taking the note for a debt due the estate.

*D. W. Hurst*, for the appellee, cited *Pitts* v. *Parker*, 44 Miss. 247; *Perkins* v. *Gibson*, 51 Miss. 699; *Green* v. *Demoss*, 10 Humph. 371; *Briggs* v. *Hill*, 6 How. (Miss.) 362; *Pollexfen* v. *Moore*, 3 Atk. 272.

CHALMERS, J., delivered the opinion of the court.

It is admitted that the equitable lien of a vendor of land will revive in his favor where he has repossessed himself of the note given for the purchase-money, if at the time when he transferred it he made himself liable upon it by indorsement. It is contended that no such revival of the lien will take place if he transferred it without indorsement, and subsequently purchased it in some transaction disconnected with the land for the purchase-money of which it was originally executed. It is said that in such a case the vendor receives complete payment for his land when he parts with the note; that such payment extinguishes the lien; and that if thereafter he voluntarily buys back the note, he has no superior equity to that of any stranger who might purchase it.

No case announcing this view has been brought to our attention, although in several of the cases which hold that a revivor of the lien will take place in favor of a vendor who has first sold and then repossessed himself of the note for the purchase-money, the decisions are rested upon the ground that the vendor was compelled to take up the note in order to protect his own indorsement. If this was the only reason for the

rule, the absence of the indorsement might cause a cessation of the rule ; but the cardinal principle of the vendor's lien is that the vendee shall not hold as against the vendor land for which he has paid nothing. When, therefore, the vendor, being the *bona fide* holder of the note, calls upon him for payment of it, he cannot inquire whether there has been an intermediate holder, nor demand that the vendor shall give a history of his connection with it, further than to show that he is the real owner. It is sufficient for him that he has paid nothing, that he is in possession of the land, and is called upon by his vendor to make payment.

Under such circumstances the land will be held bound for the purchase-money. Any other doctrine would enable an insolvent vendee to hold against the vendor without having paid, and would thus destroy the fundamental idea upon which the equitable lien of the vendor is based.

There is no force in the objection that the note in this case was repossessed by the executrix of the vendor (who was also the sole legatee), and not by the vendor himself. She acquired, as the representative of the estate, all the rights which he could have obtained by its acquisition. The suggestion that she committed a *devastavit* in taking the note in payment of a debt due her testator is one with which these defendants have no concern. She must settle that question with the creditors of the estate.          *Decree affirmed.*