T. T. ENOCHS v. F. L. HARRELSON ET AL.

57   465
71    37

1. BILL OF REVIEW.  *Defects reached thereby.  Errors of record.*
   Under our system, on a bill of review for error apparent on the face of the decree, the court may examine all the pleadings and proceedings of record, but not the evidence.

2. SAME.  *Defence.  Demurrer.  Plea.*
   The proper defence to such a bill is a demurrer, which, if the decree sought to be reviewed is not fairly stated in the bill, may be accompanied by a plea thereof.

3. SAME.  *Matter of defence outside the record.  How availed of.*
   Ordinarily the only defence to such a bill is *in nullo erratum est*, but if there is any matter beyond the decree available as a defence, it should be pleaded.

4. SAME.  *Cross bill.  Independent equity.*
   A cross bill, setting up an alleged equity, independent of that claimed in the original bill, is inadmissible as a mode of defence to a bill of review.

5. SAME.  *Practice when decree vacated.  New decree.*
   If the bill is sustained and the enrolment opened on the review, that decree should be rendered which is proper on the whole cause, considered as if heard for the first time.

6. SAME.  *Rehearing.  When allowed.*
   If the error goes to the complainant's right to maintain his bill, it is proper to reform the decree at once ; but if that js not the case, and a party seeks a rehearing, it should be allowed, if sufficient reason is shown therefor.

7. SAME.  *Error apparent.*
   If land is subjected by the decree to a vendor's lien, which the bill shows did not exist thereon, that is error apparent, for which a bill of review is maintainable.

8. SAME.  *Cross bill.  Estates of decedents.  Chancery jurisdiction.*
   The land cannot be charged in such case, by a cross bill to the bill of review, with the note for the purchase-money, on the allegation that it is the only debt of the vendee, who died insolvent. *Hargrove* v. *Baskin*, 50 Miss. 194.

9. SAME.  *Answer.  Confession of error.  Defect.*
   An answer to such bill of review, admitting the error which it assigns, entitles the complainant therein to a vacation of the decree.

10. SAME.  *Practice.  New decree.  Rehearing.*
    If, then, there is no application for a rehearing, or to vary the original case, the court may render the decree which should have been rendered on the first hearing.

11. ORIGINAL BILL. *Infant. Impeaching decree.*
    An infant may, by original bill, impeach a decree against him for error
    apparent. *Sledge* v. *Boone, ante,* 222.

APPEAL from the Chancery Court of Calhoun County.
Hon. A. B. FLY, Chancellor.

The appellees, who are minors, by their guardian, filed this bill, against the appellant and another, to review a chancery proceeding, and vacate the decree and sale thereunder of land which they inherited, upon the allegation that the defendants, confederating to defraud them, filed a bill setting up a pretended lien upon the land, and, without proper proceedings, obtained the decree under which the appellant purchased. The exhibit discloses a bill, filed by the appellant, as assignee of a note made by their ancestor, and the payee of the note, to foreclose an alleged vendor's lien, followed by appropriate process and proceedings, and culminating in a final decree, report of sale, and confirmation by the court. The appellant answered, admitting the errors alleged in the bill to be apparent on the face of the exhibit, and, making his answer a cross bill, alleged that he purchased the land in good faith, paying the purchase-money which the commissioner applied to satisfaction of the note, the only debt owing by the debtor, who was insolvent at his death, and asked that the purchase-money so paid, or the note, be declared a charge upon the land. The appellees demurred to the cross bill. The case then coming on to be heard, a decree was made, vacating the decree and sale, and dismissing the original bill, sustaining the demurrer to the cross bill, which was also dismissed, and awarding costs in favor of the complainants in the bill of review.

*Nugent & McWillie,* for the appellant.

1. The established doctrine is, that the court looks only to the face of the decree to ascertain errors of law apparent; in any event, it can go no further than to inspect the bill. If the rule is restricted, this bill of review should have been dismissed at the hearing; if extended, the case does not show error apparent in the sense necessary to warrant vacating the decree. It may be conceded that the decree was erroneous, without affecting the question. *Vaughan* v. *Cutrer,* 49 Miss. 782. Error apparent requires no investigation.

When, on looking at the decree sought to be reviewed, it shows only a possible error, no bill of review will lie, but the remedy is by appeal or writ of error. If the decree is correct on its face, and is only explainable so as to show error by a reference to the pleadings, the error is not apparent. Errors and irregularities will not warrant such practice as that in this case, when the remedy by appeal is so easy. Story Eq. Pl. §§ 407, 408, and notes. The payee of the note could sue in a court of law: can he not join with the beneficial owner in a. chancery proceeding to enforce the lien? *Pitts* v. *Parker*, 44 Miss. 247 ; *Cotten* v. *McGehee*, 54 Miss. 510. If that is error, it is, at all events, not error apparent.

2. The vendee was, however, dead, his estate was insolvent, and this note was the only claim against it. It was, therefore, a charge upon the land, and whether we regard the appellant as the original holder of the note, or as subrogated to the rights of the holder by the application of his money paid at the sale to the satisfaction thereof, he is equally entitled to the statutory charge on the land. By virtue of the Act of 1870, fixing the jurisdiction of the Chancery Courts (Acts 1870, pp. 46, 47, 54, 55, 57), they are vested with the powers of the former Probate Courts, and authorized to hear and determine all demands against the estates of deceased persons. If the decedent left nothing but this land to pay his debts, cannot the Chancery Court, without the intervention of an administrator, entertain a creditor's bill to have it sold?

3. The cross bill' in the case should have been allowed, or the decree on the bill of review so limited as not to prejudice the creditor's right. The final decree alone could have been set aside, leaving the sale to stand or fall on its merits, and the bill as a pending suit for the recovery of the debt. If it was not in proper form, amendment could be made to suit the exigency. If the sale was sought to be set aside, it might be done by appropriate allegations, but' in no event could the original bill, filed many years before, be dismissed. The rights of the parties should have been left *in statu quo*, after reversing the decree. Story Eq. Pl. § 420.

*A. T. Roane*, on the same side.

No counsel for the appellees.

CAMPBELL, J., delivered the opinion of the court.

A bill of review for error apparent on the face of the decree is in the nature of an assignment of errors, on writ of error, and the error must appear on the face of the pleadings, proceedings, and decree, without reference to the evidence. The propriety of the decree, as not justified by the evidence, cannot be questioned by bill of review, which is not a substitute for an appeal from the decree. The question presented by a bill of review for error apparent is, whether the decree rendered is supported, taking everything as stated by the record, excluding the evidence, to be true. Under our system, all the pleadings, proceedings of record, and decree may be looked to on a bill of review for error apparent. The evidence cannot be. The authorities to this effect are numerous, and need not be cited. They all agree.

A demurrer is the proper and usual defence to a bill of review for error apparent, for that amounts to an assertion that there is no error in the decree ; or, if the decree sought to be reviewed is not fairly stated in the bill of review, a plea of the decree, and a demurrer against opening the enrolment, is the proper defence. Story Eq. Pl. §§ 634, 833 ; 2 Dan. Ch. Prac. 1583; Lubé's Eq. Pl. 336; 2 Smith Ch. Prac. 56. Ordinarily, there is no answer to such a bill of review, except *in nullo erratum est*. *Cook* v. *Bamfield*, 3 Swanst. 607 ; Lubé's Eq. Pl. 337; Mitford & Tyler's Pl. & Prac. 298. But if there be any matter beyond the decree available as a defence to the bill of review, that matter should be pleaded. *Hartwell* v. *Townsend*, 2 Bro. Parl. 107 ; *Webb* v. *Pell*, 3 Paige, 368 ; *Turner* v. *Berry*, 3 Gilman, 541 ; Story Eq. Pl. § 833 ; 2 Dan. Ch. Prac. 1583 ; Lubé's Eq. Pl. 336. As the demurrer presents an issue of law only, the effect of the decree overruling it is to open the decree reviewed. *Cook* v. *Bamfield, ubi supra* ; *Guerry* v. *Perryman*, 12 Ga. 14. Upon opening the enrolment of the decree, as it is called in technical language, by maintaining a bill of review for error apparent, the parties are at liberty to proceed as at a rehearing, it is said. *Catterall* v. *Purchase*, 1 Atk. 290 ; *Kenner* v. *Smith*, 8 Yerger, 206 ; *Payne* v. *Beech*, 2 Tenn. Ch. 708 ; Lubé's Eq. Pl. 336. But upon overruling a demurrer in such case, the

decree may be reversed without any further hearing, and the decree, which should have been rendered at first, may be rendered without further proceedings.   Ordinarily, this is proper, for the consideration of the bill of review is a consideration of the original cause, upon the specific errors assigned by the bill of review; and, unless there be some reason against it, the court hearing the bill of review proceeds at once to render the proper decree in the original cause.   2 Dan. Ch. Prac. 1584; *Cook* v. *Bamfield*, 3 Swanst. 607; *Guerry* v. *Perryman*, 12 Ga. 14.   But when the enrolment is opened, the court may proceed as at a rehearing, the cause being equally open. Authorities cited above.

If the justice of the cause requires that it should be reheard, that course should be pursued.   If the demurrer be overruled, the question arises, What decree shall be made?   The answer is, Such decree as is proper on the whole cause.   The enrolment being opened on the *review*, that decree should be rendered which is proper on the whole cause, considered as if heard for the first time.   The decree being *reviewed*, the cause stands for hearing as if a decree had not been made, and the next inquiry is, Shall it be *reversed*, and what decree shall be made?   Lubé's Eq. Pl. 336.   Manifestly, when the enrolment is opened for error apparent, that decree should be made which should have been made at first, for the court, having full control of the cause as if it had never been heard before, should make the proper disposition of it.   If the error apparent goes to the right of the complainant to maintain his bill, it is proper to proceed at once, without a rehearing, to reform the decree.   *Carey* v. *Giles*, 10 Ga. 9.   But where this is not the case, and a rehearing is asked for, it should be allowed, if sufficient reason is shown therefor.   Lord Hardwicke said: "After the demurrer [to a bill of review for error apparent] is overruled, the plaintiffs are at liberty to read bill or answer, or any other evidence, as at a rehearing, the cause being now equally open."   *Catterall* v. *Purchase*, 1 Atk. 290.   See *Kenner* v. *Smith*, 8 Yerger, 206.

Applying the above stated rules to this case, we conclude that the decree in the original cause is erroneous on its face, because it is not warranted by the case made by the bill, and

that this is an error apparent, for which a bill of review is maintainable.    The bill shows that there was no lien on the the land sought to be charged with it, and which was charged with it by the decree.   *Lindsey* v. *Bates*, 42 Miss. 397 ; *Pitts* v. *Parker* 44 Miss. 247.    This is error apparent.    *Goodhue* v. *Churchman*, 1 Barb. Ch. 596 ; *Eaton* v. *Dickinson*, 3 Sneed, 397 ; *Randall* v. *Payne*, 1 Tenn. Ch. 137 ; *Moore* v. *Hunting-ton*, 17 Wall. 417 ; *Stark* v. *Mercer*, 3 How. 377 ; *James* v. *Fisk*, 9 S. & M. 144 ; Story Eq. Pl. § 405.

The defendants to the bill of review, who were complainants in the original bill, instead of demurring to the bill of review, or pleading the decree, answered the bill of review, admitting the errors in the decree it assigned, and added to this answer a cross bill, setting up an alleged equity independent of that claimed in the original bill.    The demurrer to this cross bill was properly sustained, both because it was inadmissible as a mode of defence to the bill of review, and because it showed no right to charge the land.    *Hargrove* v. *Baskin*, 50 Miss. 194.    The admission, by the answer, of the errors assigned by the bill of review entitled the complainants therein to a vacation of the decree.    The cause then stood as if it had not been heard, and if a rehearing was had upon the pleadings and evidence, the result must have been a dismissal of the original bill, which, according to the view expressed above, did not state a case entitling the complainants to a decree. The record does not inform us whether there was a formal rehearing of the cause or not ; but as the answer, admitting the errors assigned by the bill of review, justified a vacation of the decree, and no application was made by the complainants in the original bill for a rehearing, or in any manner to vary the state of the cause, as existing when the decree, properly vacated, was made, we conclude that the court rightly proceeded to render the decree which should have been rendered on the first hearing.

This case was treated in the court below, and here, by counsel as a strict bill of review for error apparent on the face of the decree, and we have discussed it accordingly.    But as the complainants in the bill which attacks the decree are minors, complaining of an improper decree made against them, they

were entitled to impeach the decree for error apparent by origi-
nal bill, as held in *Sledge* v. *Boone*, ante, 222; *Livingston* v.
*Noe*, 1 Lea (Tenn.), 55. Whether the bill be viewed as of the
one kind or the other, the result is the same, and the decree of
the Chancellor is                                    *Affirmed.*