# George *v.* George.

*Bill of Review for Error apparent on the Record.*

1. *Bill of review; when statute of non-claim, no ground for.*—A bill of review, for error apparent on the face of the record, filed by the minor heirs of a decedent, on the ground that it appeared from the bill in the original suit, that the claim sought to be enforced thereby was barred by the statute of non-claim, cannot be maintained when it appears that the purpose of the original suit was to declare and enforce a lien on, and to recover an interest in, real property.

2. *Same; what irregularity of service on infants not ground for.*—A bill of review for error apparent, will not lie at the instance of the infant defendants to the bill in the first suit, on the ground that the guardian *ad litem* appointed to represent them was not served with notice of his appointment, when it appears from the record, that he was appointed, that he filed his written consent to act, and put in an answer denying the allegations of the bill.

3. *Same; all presumptions are in favor of correctness of first suit.*—When a bill of review is filed for error apparent on the record, it is the duty of this court to presume everything in favor of the rulings of the court in the original suit, which the bill of review does not disprove.

APPEAL from Mobile Chancery Court.

Heard before Hon. H. AUSTILL.

All the facts which are necessary to be set out are stated in the opinion of the court.

[George v. George.]

HANNIS TAYLOR, for appellant.—It affirmatively appeared from the bill in the original suit, that the claim asserted therein was barred by the statute of non-claim, not having been presented to the administrator, or filed in the probate court within eighteen months after the grant of letters. Implied, or constructive trusts, are within the statute of non-claim. *Tarleton v. Goldthwaite,* 23 Ala. 346 ; 2 Brick. Dig. 218. The statute of non-claim operates not only on the remedy, but it absolutely extinguishes the right.—*Halfman's Ex'r v. Ellison,* 51 Ala. 545. The claim, then, which the original bill was filed to enforce, was extinguished when the bill was filed. The heir has the right to plead the statute of non-claim, which was designed for the protection of all parties interested in the estate. A bill of review will therefore be sustained for the benefit of the minor heirs.

No process was ever served on the guardian *ad litem,* and the attempt by the guardian *ad litem* to give the court jurisdiction over the minors by consent, was void.—*Preston v. Dunn,* 25 Ala. 512. "When service might have been, but was not, perfected on an infant, it is an irregularity which is fatal on error."—1 Ala. 379, 6 *Ib.* 473 ; *Rowland v. Jones,* 62 Ala. A bill of review will lie to review the whole proceedings except the testimony.—*McDougald, Adm'r, v. Dougherty,* 37 Ala. 409.

PETER HAMILTON, for appellee.—The statute of non-claim has no effect. The claim set up in the original suit was not for a debt, but for an equitable interest in lands, and like the claim to enforce the vendor's lien, does not require presentation.—61 Ala. 536 ; 26 Ala. 312 ; 43 Ala. 434. Non-presentation does not discharge the lien of a mortgage, (1 Ala. 708 ; 2 Ala. 331) ; nor does it discharge sureties for the debt.—28 Ala. 762. It does not appear from the bill, that proof of presentation was not made, and the court on a bill of review for error apparent, will not look to the evidence to see if it supports the decree.—39 Ala. 409. The Chancellor recognized the guardian *ad litem* appointed for the infant defendants, and he appeared and answered for them ; this was sufficient to maintain the decree on bill of review, for although not strictly regular, it was far from being void.—26 Ala. 507 ; 2 Stew. 214 ; 1 Dan. Ch.

STONE, J.—An original bill was filed by Jane A. George, surviving wife of William H. George, deceased, against appellants and another, who were infant children, and the only issue of the marriage between the said William H. and Jane A. George. The said Jane A. was administratrix of Wil-

(13)

liam H., her husband's estate. The purpose of the bill was to have a trust declared in favor of the complainant in a lot with its improvements in the city of Mobile, for moneys of the complainant, which were invested by the husband and trustee in the improvement of said lot. In accordance with the prayer of the bill, the Chancellor decreed " that a trust should be declared in favor of complainant in said lands and premises to the extent that five thousand five hundred and forty-seven dollars [bore] to eight thousand eight hundred and twenty-eight 76-100 dollars, the cost of the said land and premises—and a trust, and undivided interest, in said proportion, [was] decreed in favor of the complainant in and to said lands, and she [was] vested with the title to such lands and premises conjointly with the defendants, [heirs at law], in the ratio and proportion stated." Five thousand five hundred and forty-seven dollars was the sum of the wife's money which the Chancellor ascertained had been put in the improvements by the husband. As a reason for making the decree in the form stated, the Chancellor employs this language: " The court considers and decrees that it is to the interest of the defendants that a trust should be declared in favor of the complainant in said land and premises to the extent," that her money employed bore to the cost of the whole lot and improvements. He then adopted the plan of giving her a proportionate interest in the property, rather than to declare a lien and order a sale of the property for its payment. This was probably beneficial to the heirs, for improved property, except in favored localities, rarely commands a sum sufficient to cover the investment and improvements. When the bill was filed, and that decree rendered, two of the heirs, complainants in the bill hereafter noticed, were infants of tender years, each under the age of fourteen.

The present suit is a bill of review, instituted by the two infant heirs mentioned above, and prays a review and reversal of that decree, for alleged error apparent on the face of the record. The bill was filed before either of the complainants reached the age of twenty-one years, and filed by next friend. It assigns five separate errors ; but in the argument of counsel, only two of the five are insisted on. We will notice only those which are here urged in argument. The language employed in one of the assignments of error is as follows : " Because said bill alleges that the claim or charge set up in it against the land of your orators, was an implied or resulting trust, or a moneyed demand which should be charged on said land, all of which are subject to the operation of the statute of non-claim. Said bill affirmatively shows that the said claim was not presented as the law

requires to the administratrix of said estate, within eighteen months after the grant of letters of administration. It is therefore manifest, upon the face of said bill, that the claim asserted therein, whether a resulting trust, or a monied demand, was extinguished by operation of the statute of non-claim, long before said bill was filed." If the claim had been for money, as a debt due from the estate, possibly this error would be well taken.—Code of 1876, § 2597. The original bill, however, did not proceed on the theory of a debt due from the intestate. Its purpose was to recover an interest in property, and that purpose was accomplished through the decree of the Chancellor. The gravamen of the bill was, that the husband—trustee—had invested the wife's moneys, her separate estate, in improving the property, and that she was thereby clothed with a lien, which she could and did elect to enforce by having a proportionate part of the property decreed to her. This was not asserting a monied demand against the estate. It was but a claim to property, and not within the influence of the statute of non-claim.—*Doe, ex dem. v. McLoskey*, 1 Ala. 708, 745; *Inge v. Boardman*, 2 Ala. 331; *Mahone v. Haddock*, 44 Ala. 92; *Tilford v. Torrey*, 53 Ala. 120; *Preston v. McMillan*, 58 Ala. 84; *Thames v. Herbert*, 61 Ala. 340. It should be borne in mind that what we have said above relates only to the question of non-claim. We have nothing to do with the correctness of the decree in the first suit, save as it is assigned as error in the bill of review.

The other assignment of error made by the bill of review, and insisted on in argument, is in the following language: "Because said record shows that the said James E. Sherman was never the legal guardian *ad litem* of Anna E. George and Alice J. George, [complainants in the bill of review], inasmuch as the order of this court, under which he might become such, was never executed by the service of process on him, as directed by said order, and said process never having been executed under the order of the court, the said Sherman never acquired any status in said cause." The substance of this assignment is, that Sherman was not served with notice, informing him of his appointment as guardian *ad litem*. The bill of review shows that Sherman filed his written consent to act as such guardian *ad litem*—that he was appointed, and did so act. He put in the customary answer, denying the allegations of the bill. It is difficult to conceive of any injury the complainants suffered, by the omission to serve notice on Sherman of his appointment. Notice was required, and was necessary, only because it was the duty of the court, under the law, to inform Mr. Sherman of the trust and duty cast on him. Information was its sole purpose. The answer

[George v. George.]

filed by him proves he did have notice. Why notify him of that which he already knew? If he had been served with notice, would he have answered differently—would he have defended more diligently? An error, to work a reversal on bill of review, must not only be apparent; it must be at least *prima facie* injurious. Errors of form avail nothing.—Adams Eq. 416-7, in margin; Story Eq. Pl. § 411; Mitf. Pl. 102; *Dexter v. Arnold*, 5 Mason, 303; *Haig v. Homan*, 8 Cl. & Fin. 320; *Berdanatti v. Sexton*, 2 Tenn. Ch. Rep. 699, 705; *Fleming v. Stout*, 19 Ind. 328; *Guerry v. Perryman*, 12 Ga. 14.

Another view is, we think, equally fatal to this assignment of error. The bill of review shows that the present complainants were under fourteen years of age when the original suit was instituted and determined. Their father is shown to have been then dead. There is no averment that they had a legally appointed guardian. Being females and of very tender years, it requires no strain to presume they resided with their mother, and that she had the maintenance and charge of them. Her interest, and the claim set up in the suit, was adverse to that of her children. Rule 23 of chancery practice prescribes in what manner infant parties shall be served. It enumerates several classes, and makes special provision for each. This case does not fall within any of the specially enumerated classes. The rule then contains this clause: "And should there be any case not provided for by statute, or by this or some other rule, and proof be made before the Chancellor or Register, he may direct the mode of service, or appoint a guardian *ad litem* for such infant without service." We have, then, the case where the Chancellor or Register was authorized to direct in what manner service should be made, or either of them could appoint a guardian *ad litem* without service. It is our duty to presume everything in favor of correct ruling in the original suit, which the bill of review does not disprove.—*Goldsby v. Goldsby*, at present term. Indulging these presumptions, we feel bound to overrule this assignment of error. There are three other assignments, not insisted on here, but we think there is nothing in them.

The decree of the Chancellor is affirmed.