[No. 12154.  In Bank. — January 26, 1888.]

## J. BANCROFT, RESPONDENT, *v.* W. A. COSBY ET AL., APPELLANTS.

VENDOR'S LIEN — INDORSEMENT OF PURCHASE-PRICE NOTE — REVIVAL OF LIEN. — Under section 3047 of the Civil Code, the indorsement and transfer by a vendor of land of a promissory note given him by the vendee in payment of the purchase price does not operate to destroy the lien of the vendor, if he is subsequently compelled to take up the note by reason of its non-payment by the vendee.  In such a case, the lien of the vendor is merely suspended, and revives when he takes up the note.

APPEAL from a judgment of the Superior Court of Fresno County.

The facts are stated in the opinion.

*S. A. Holmes,* for Appellants.

*Wharton & Short,* for Respondent.

FOOTE, C.—This is an action to enforce a vendor's lien for the sum of fifty dollars and interest.

The vendor, after conveying the land to the vendee, and receiving the latter's promissory note for the balance due, indorsed and delivered the note to a third person. The note, not having been paid, " came back to the plaintiff's possession as his own." The question is whether a vendor's lien exists.

In many of the states, and in California, it is held that the lien is a personal privilege of the vendor, and is not assignable. (*Baum* v. *Grigsby,* 21 Cal. 172; 81 Am. Dec. 153; *Williams* v. *Young,* 21 Cal. 227; *Ross* v. *Heintzen,* 36 Cal. 321.) In the latter case, the court speaks of the lien being " extinguished " by the transfer. But no such question was before the court; and in all probability it meant only to say that the lien was not assignable. The case is not inconsistent with the theory that upon a transfer of the debt the vendor's right is suspended merely.

Lord Eldon said, in a leading case, that what is called the vendor's lien " goes upon this: that a person having got the estate of another, shall not, as between them, keep it and not pay the consideration." (*Mackreth* v. *Symmons,* 15 Ves. *289; see also 2 Story's Eq. Jur., sec. 1219; *Baum* v. *Grigsby,* 21 Cal. 177; 81 Am. Dec. 153.) It is not a specific lien, but is a mere equity capable of acquiring the force and efficacy of a lien under certain circumstances. (*Green* v. *Demoss,* 10 Humph. 374; *Williams* v. *Young,* 21 Cal. 228.) The right is worked out upon the notion that to prevent so great a wrong to the vendor a court of equity will impress a trust upon the land. (*Preston* v. *Ellington,* 74 Ala. 138.) This trust

will not be extended beyond the purpose for which it was raised; viz., the protection of the vendor. But, on the other hand, it ought to be carried as far as is necessary for his protection. In other words, when the vendor, after having assigned a note for the purchase-money, has been forced to take it up, the lien ought to be revived. Every consideration of justice—every consideration which induced courts of equity to create the lien in the first instance—operates to its application to such a case. For if the note was transferred in satisfaction of a debt, the debt would revive upon the non-payment, and the vendor would be in precisely the same situation that he was in before the transfer. And if he is compelled to pay the note to some subsequent holder, he has still stronger grounds for relief. Lord Eldon, in one case, enforced a lien where the vendor had transferred the note and taken it up again, saying: "That the note was discounted amounts to nothing; it was incidental to the nature of the security, and did not vary what it in substance was,—evidence of an intention to pay at four months. I do not believe that either of the parties had this refined equity in their contemplation; but I do not feel that I can refuse to give effect to it." (*Ex parte Loaring*, 2 Rose's Cases in Bankruptcy, 79; see also *Cotter* v. *McGehee*, 54 Miss. 510; and the *dicta* in *Green* v. *Demoss*, 10 Humph. 375; *Lindsey* v. *Bates*, 42 Miss. 400–401; *White* v. *Williams*, 1 Paige, 506.)

In some states, the question whether the vendor's lien is extinguished by a transfer of the debt is made to turn upon whether the vendor is liable on the note. (*Hallock* v. *Smith*, 3 Barb. 272; *Smith* v. *Smith*, 9 Abb. Pr., N. S., 425–426; *Bankhead* v. *Owen*, 60 Ala. 457; *Preston* v. *Ellington*, 74 Ala. 134; *Shall* v. *Biscoe*, 18 Ark. 142.)

In California, the Civil Code contains the following provision: "Sec. 3047. Where a buyer of real property gives to the seller a written contract for payment of all or part of the price, *an absolute transfer* of such contract

by the seller waives his lien to the extent of the sum payable under the contract, but a transfer of such contract in trust to pay debts, and return the surplus, is not a waiver of the lien."

Looking at the mere language of this provision, it might seem that a transfer of a note upon which the vendor is liable as indorser destroys his lien. But this, we think, would be too narrow a view, and one which would defeat what, in the light of the decisions, seems to us to be the object of the lien. We think it is not doing violence to the language to hold that a transfer of the note by an indorsement which makes the vendor liable for the debt is not an absolute transfer within the meaning of the section, and that in such case the lien is merely suspended, and revives when the note is taken up by the vendor.

With reference to the point as to the homestead, it is sufficient to say that we do not think it arises upon the pleadings.

We therefore advise that the judgment be affirmed.

HAYNE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.