AMERICAN BANK & TRUST CO. *v.* JOHNSON.

[71 South. 808.]

1. EQUITY. *Bill of review. Relief.*

Where the original bill averred that complainant was the owner of an undivided one-half interest in land; that the undivided one-half interest of her cotenant was subject to a mortgage; that the cotenant had collected the rents for two years, but had failed to account; and prayed partition and that on sale of the lands for partition, complainant should be reimbursed for rents not accounted for; and the mortgagee joined in the prayer for sale of the property, but prayed that the proceeds of the interest of complainant's cotenant should not be subjected to the payment of rent. The decree showed that a larger sum was paid to the mortgagee than to complainant. In such case since a bill of review for error apparent on the face of the decree is in the nature of an assignment of errors, or writ of error, and the error must appear on the face of the pleadings, proceedings and decree, without reference to the evidence which cannot be considered, and since the bill avers the above fact, it is good as against demurrer, the fact that the mortgagee received a larger sum than complainant, shows error apparent on the fact of the record.

2. SAME.

If the appellee in this case had been paid the larger sum instead of the appellant, the court would not be able to say that an error· appeared on the face of the record; but since the appellee received the smaller amount, it is apparent from the decree and pleadings that a mistake was made against her.

APPEAL from the circuit court of Warren county.

HON. E. N. THOMAS, Chancellor.

Bill in the nature of a bill of review by Mrs. E. E. Johnson against the American Bank & Trust Company and others. From a decree overruling a demurrer to the bill, defendant appeals.

The facts are fully stated in the opinion of the court.

*McLaurin & Armistead,* for appellant. ·

*Brunini* and *Hirsch & Griffith,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellee here, Mrs. E. E. Johnson, filed her bill in the nature of a bill of review, against Mrs. Mary Bell Platt, E. S. Platt, her husband, the American Bank & Trust Company, and A. M. Waggener, trustee, defendants, in the chancery court of Warren county, alleging that an error had been committed against her, and that it appeared on the face of the decree and record in the partition suit filed by her against these same defendants in this same court, and asking that this error be cured and corrected. The allegations of the original bill, the pleadings and decree in said cause, show the following facts, viz.: The appellee was the owner of an undivided one-half interest in certain real estate situated in Vicksburg, and Mrs. Mary Bell Platt was the owner of the other undivided one-half interest. The undivided one-half interest of Mrs. Platt was included, along with other property, in a deed of trust to the appellant American Banking Company, in the sum of four

thousand dollars. A bill, praying for sale of these lands and partition of the proceeds, was filed by appellee, and no answer was filed by either of the Platts, and decrees *pro confesso* were taken against them. In her original bill, appellee also alleged that the Platts had collected the rents and profits from these lands for a period of two years, and had failed to account to her for her undivided one-half of this amount, and also asked that they be required to pay the same to her, or that she be paid this amount out of the proceeds of the sale of the undivided one-half interest of the Platts. The American Bank & Trust Company answered, joining in the prayer for petition for sale of the property, but prayed that the proceeds of the undivided one-half interest which belonged to the Platts be paid to them, and not subjected to any claim for rents due the appellee; that it would be necessary for this entire amount to be paid to them because the balance of the property included in their deed of trust would not be sufficient for them to realize the amount of said indebtedness. There was no claim for any other equities in the pleadings, except that equity claimed by the appellee, Mrs. Johnson, arising from the amount due her by the Platts because of the rents collected by them for two years and unaccounted for to her. A commissioner was appointed by decree of the court to sell the land, and the ruling on the equities was reserved until final decree. The commissioner, after the sale and after the payment of the costs and attorneys' fees, paid to the appellant bank the sum of one thousand and four dollars and sixty-two cents, and paid to the appellee the sum of five hundred and fifty-six dollars and forty-eight cents, which, the decree of the court shows, settled all the equities between the parties,

It is the contention of the appellant, who filed a demurrer to the bill of review, that since the decree and pleadings in the case show that there were certain equities to be settled, and which were settled in the decrees, then it is to be presumed that the division above set

forth was in settlement of these equities. This is a mistake, however, for the reason that the only equities mentioned in the pleadings are those mentioned in the bill of the appellee, in which she claims that she is not only entitled to one-half of the proceeds of the sale of the land, but is also entitled to be paid out of these proceeds whatever amount is due her by the Platts for rents collected and unaccounted for by them. It is well settled in this state that the court, for an error apparent in the decree and the pleadings, should look to all the pleadings and the decree, but not to the evidence in the case, as is shown by the following quotation:

"A bill of review for error apparent on the face of the decree is in the nature of an assignment of errors, on writ of error, and the error must appear on the face of the pleadings, proceedings, and decree, without reference to the evidence. The propriety of the decree, as not justified by the evidence, cannot be questioned by bill of review, which is not a substitute for an appeal from the decree. The question presented by a bill of review for error apparent is whether the decree rendered is supported, taking everything as stated by the record, excluding the evidence, to be true. Under our system, all the pleadings, proceedings of record, and decree may be looked to on a bill of review for error apparent. The evidence cannot be. The authorities to this effect are numerous, and need not be cited. They all agree." *Enochs* v. *Harrelson et al.,* 57 Miss. 465.

If the appellee had been paid the larger sum instead of the appellant bank, the court would not be able to say that an error appeared on the face of the record; but since the appellee received the smaller amount, it is apparent from the decree and pleadings that a mistake was made against her.

The moneys remaining in the hands of the special commissioner, after paying court costs, commissioner's fee, solicitors' fees and the bill of J. R. Andress, should have

been equally divided between the appellee and the American Bank & Trust Company.

The decree of the court below is affirmed, and the cause remanded, with leave to appellant to answer within sixty days after the mandate of this court is filed in the court below.

*Affirmed and remanded.*